Theodore WAIER and Ann Grudowski
et al., Plaintiffs,

v.

Wilbur J. SCHMIDT et al., Defendants.

Civ. A. No. 70–C–311.

United States District Court,
E. D. Wisconsin.

July 27, 1970.

See also, D.C., 318 F.Supp. 22.

**408**

Eric Schulenburg, Milwaukee, Wis., for plaintiffs.

Ward L. Johnson, Asst. Atty. Gen., Madison, Wis., for defendants.

## MEMORANDUM OPINION AND ORDER DENYING TEMPORARY RESTRAINING ORDER

REYNOLDS, District Judge.

Plaintiffs have commenced this action for declaratory and injunctive relief on their own behalf and on behalf of all other persons similarly situated. The plaintiffs seek to restrain the defendants from enforcing Department of Health and Social Services Bulletin FS–70–13 which is a statewide policy relating to Wisconsin's medical assistance program. The action challenges the failure of the defendants to "pass along" certain recent increases in federal social security benefits to Medicaid recipients living in skilled care nursing homes.

From the record, the following facts and allegations emerge: Plaintiffs reside in skilled care nursing homes in Wisconsin and receive medical assistance from the state under Title XIX of the Social Security Act, 42 U.S.C. § 1396, et seq., commonly referred to as Medicaid. Plaintiffs also receive a monthly benefit check under the Old Age, Survivors, and Disability Insurance program, Title II of the Social Security Act, 42 U.S.C. § 401 et seq., commonly referred to as social security. Under the Medicaid program, plaintiffs' medical assistance costs are paid for by the state. In turn, as is the case with other categorical assistance programs under the Social Security Act, the state is partially reimbursed by the federal government. Each month, when their federal social security checks arrive, the plaintiffs are required by the state to sign the checks over. Plaintiffs are allowed to retain the sum of $9 per month from their social security checks to cover personal and clothing needs. Plaintiffs contend that this sum is wholly inadequate to meet the needs for which it is designated.

The state administrative policy of the defendants, which is at issue in this case, was promulgated with reference to the Tax Reform Act of 1969, Public Law 91–172. One section of that Act, § 1007, underlies this entire cause of action. In the Tax Reform Act of 1969, Congress enacted a 15% increase in social security benefits. In § 1007, Congress endeavored to create a mechanism whereby social security recipients who were also recipients of state public assistance would have some portion of the 15% increase "passed along" to them during certain months of 1970. The legislative history of the section indicates that the purpose of § 1007 (and another section not at issue in this case) was " * * * to assure that at least part of the OASDI benefit increase will be reflected in the total income of public assistance recipients; * * *." U.S.Code & Congressional News, Vol. 2, 1969, page 2460. Section 1007 of the Tax Reform Act of 1969 states:

"In addition to the requirements imposed by law as a condition of approval of a State plan to provide aid or assistance *in the form of money payments* to individuals *under title I, X, XIV, or XVI* of the Social Security Act, there is hereby imposed the requirement (and the plan shall be deemed to require) that, in the case of any individual receiving aid or assistance for any month after March 1970 and before July 1970 who also receives in such month a monthly insurance benefit under title II of such Act which is increased as a result of the enactment of the other provisions of this title, the sum of the aid or assistance received by him for such month, plus the monthly insurance benefit received by him in such month (not including any part of such benefit which is disregarded under section 1006), shall exceed the sum of the aid or assistance which would have been received by him for such month under such plan as in effect for March 1970, plus the monthly insurance benefit which would have been received by him

in such month without regard to the other provisions of this title, by an amount equal to $4 or (if less) to such increase in his monthly insurance benefit under such title II (whether such excess is brought about by disregarding a portion of such monthly insurance benefit or otherwise)." (Emphasis added.)

Plaintiffs claim that they are entitled to the increases in their federal social security checks as provided for in the above statute. Specifically, they claim that they are entitled to retain up to $4 per month more than the $9 they are presently permitted to retain.

The position of the defendants can be seen from the following portion of the challenged policy issuance (FS–70–13):

"The provisions of Public Law 91–172 which require disregard of the supplemental check to be received in April, and disregard of $4.00 of the 15% increase which will be reflected in the benefit check to be received April 3 and in months thereafter, apply only to persons receiving social security aid money payments. These provisions do not apply to persons receiving only Medical Assistance.

"For persons in nursing homes, income is applied first to needs met through the money payment. For this reason such persons who have social security benefits do not receive a social security aid money payment. Therefore, both the supplemental check received in April for the amount of the January and February increase, and the full amount of the increased benefit received on April 3 and thereafter will be considered as income for purposes of Medical Assistance."

In other words, defendants maintain that since plaintiffs receive only medical assistance under Medicaid, not money payments, they are not covered by § 1007 and, therefore, are not entitled to extra benefits.

Plaintiffs claim that defendants' policy issuance FS–70–13 whereby defendants refuse to pass along social security increases to them is (1) a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (2) a violation of § 1007 of the Tax Reform Act of 1969, Public Law 91–172; and (3) a violation of § D–42420 of the Department of Health, Education, and Welfare Handbook of Public Assistance Administration. Accordingly, plaintiffs pray for the following relief:

"27. Enter a judgment declaring that the refusal of the defendants to pass along any part of the Social Security increase benefits to the plaintiffs and the class they represent, as provided for in Section 1007 of the Tax Reform Act of 1969, Public Law 91–172, constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

"28. Enter a judgment declaring that the refusal of the defendants to pass along any part of the Social Security increase benefits to the plaintiffs and the class they represent is a violation of Section 1007 of the Tax Reform Act of 1969, Public Law 91–172.

"29. Enter a judgment declaring that the refusal of the defendants to pass along any part of the Social Security increase benefits to the plaintiffs and the class they represent is a violation of section D–42420 of the Health, Education, and Welfare Handbook of Public Assistance Administration, Supplement D.

"30. Grant a temporary restraining order, preliminary injunction, and permanent injunction ordering the defendant * * * to cease withholding at least $4 of the social security increase per month from plaintiffs and the class they represent.

"31. Grant a temporary restraining order, preliminary injunction, and permanent injunction ordering the defendant * * * to reimburse plaintiffs and the class they represent for any of the Social Security increase

which should have been passed along to them but has instead been withheld."

Jurisdiction is asserted under 28 U.S. C. §§ 1331(a) and 1343(3). It is alleged that the action is authorized by 42 U.S.C. § 1983. A hearing was held on plaintiffs' motion for temporary relief on June 22, 1970.

Plaintiffs are seeking to enjoin the operation and enforcement of an administrative order of statewide applicability. Hence, pursuant to 28 U.S.C. §§ 2281 and 2284, if it is determined that the plaintiffs' constitutional claim is not insubstantial, a three-judge court is required to determine the issues on the merits. However, no findings or conclusions are made at this time with regard to the adequacy of plaintiffs' constitutional challenges for the purposes of convening a three-judge panel, and no conclusion is reached at this time on the issue of convening a three-judge court. This opinion and order is confined to the motion for a temporary restraining order. In addition, I presently make no finding as to whether or not plaintiffs may maintain this action as a class action.

## TEMPORARY RELIEF

■ A motion for temporary injunctive relief is addressed to the discretion of the court and is not a matter of right. Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834 (1944). In deciding whether or not to grant temporary injunctive relief pending full hearing and determination on the merits, the court must, among other things, make an attempt to balance the equitable position of the parties and reach a judgment as to the plaintiffs' probable chances for success on the merits.

The affidavits supporting the plaintiffs' motion for temporary relief, in addition to the allegations in the complaint make it clear that the plaintiffs will undoubtedly suffer some measure of irreparable damage. Plaintiffs have moved for a temporary restraining order "or-

dering" defendants to reimburse the plaintiffs for payments wrongfully withheld. Clearly, this motion cannot be considered until such time as a final determination is reached with regard to plaintiffs' entitlement to the disputed payments. With regard to the temporary relief directed at enjoining the defendants' present refusal to pay the disputed benefits, it is important to note that only one month's payment is involved. By the terms of the federal statute, under which the right, if any, to the payments lies, the "pass along" of increased benefits applies only through the June payment. It does not in any way denigrate the vital importance to plaintiffs of the one month's extra payment to note, at the same time, the likely administrative disruption such relief would force upon the state. It is difficult, if not impossible, to adequately "balance" such things as irreparable damage. However, the relative equities of the parties, while possibly not alone determinative in this case, when combined with the factor of plaintiffs' probable success on the merits, leads me to conclude that the motion for temporary injunctive relief must be denied.

■ One of plaintiffs' claims is based upon the federal statute, § 1007 of the Tax Reform Act of 1969. This section begins as follows:

"In addition to the requirements imposed by law as a condition of approval of a State plan to provide aid or assistance *in the form of money payments* to individuals *under title I, X, XIV, or XVI of the Social Security Act,* there is hereby imposed the requirement * * *." (Emphasis added.)

Plaintiffs concede they do not receive money payments and that they receive only medical assistance. The Medicaid program is Title XIX of the Social Security Act. It is insufficiently clear that the plaintiffs will be able to make a satisfactory showing that they come under the plain language of the statute to warrant granting temporary relief.

■ Plaintiffs also claim relief on the merits based upon § D–42420 of the HEW Handbook of Public Assistance Administration. Plaintiffs concede that this section of the federal handbook may not be mandatory upon the operation of state programs. Further, it is not clear that this section of the federal handbook deals with the disputed social security payments in any manner save indirectly. It is insufficiently clear that plaintiffs will succeed on this ground to warrant the imposition of temporary injunctive relief.

■ Finally, plaintiffs also contend that the defendants' refusal to pass along increased social security benefits to them is a denial of equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution. In light of the recent United States Supreme Court opinion in the case of Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (April 6, 1970), it is not sufficiently clear that the plaintiffs will succeed in challenging the administrative order here at issue on the grounds of its violation of the Equal Protection Clause of the United States Constitution. The *Dandridge* case involved certain "maximum grant" provisions of the Maryland AFDC program. The state in *Dandridge* determined the size of a grant to a family on the basis of family size. As family size increased, so did the amount of the grant. However, the state imposed an upper limit of $250 per month ($240 per month in certain counties) regardless of family size. The plaintiffs in *Dandridge* challenged this provision as discriminating against them merely on the basis of the size of their families, in violation of the Equal Protection Clause of the Fourteenth Amendment. The Supreme Court found the provision to be constitutional. It concluded that if any "reasonable basis" could be found to justify the classification made, then it was not violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In light of the opinion in *Dandridge*, it is not

sufficiently clear that plaintiffs will succeed in their constitutional challenge to FS–70–13 to warrant the imposition of temporary injunctive relief.

Accordingly, for the reasons stated above, and on the basis of the entire record herein,

It is hereby ordered that plaintiffs' motion for a temporary restraining order with respect to the operation of Department of Health and Social Services Bulletin FS–70–13 be and it hereby is denied.