**Antoinette M. MONEY, individually, on behalf of her minor children, and on behalf of all others similarly situated, Plaintiffs-Appellants,**

v.

**Harold O. SWANK, Director, Illinois Department of Public Aid, and William H. Robinson, Director, Cook County Department of Public Aid, Defendants-Appellees.**

**No. 18023.**

United States Court of Appeals,
Seventh Circuit.

Sept. 16, 1970.

Gordon H. S. Scott, Mark R. Spiegel, Chicago, Ill., for plaintiffs-appellants.

Edward V. Hanrahan, State's Atty., James A. Rooney, Asst. State's Atty., William J. Scott, Atty. Gen., A. Zola Groves, Asst. Atty. Gen., Chicago, Ill., for David L. Daniel (successor to Harold O. Swank); Francis T. Crowe, Bernard Genis, Asst. Attys. Gen., Daniel P. Coman, Chief, Civil Division, Thomas E.

Brannigan, Asst. State's Atty., of counsel.

Before CUMMINGS and PELL, Circuit Judges, and ESCHBACH, District Judge.[1]

PELL, Circuit Judge.

Plaintiff brought this civil rights class action in the district court requesting the convening of a three-judge court pursuant to 28 U.S.C. §§ 2281 and 2284 to determine the constitutionality of a regulation of the Illinois Department of Public Aid. Seeking both declaratory and injunctive relief, plaintiff contends that the department's regulation (Section 1000, paragraph 1032) which provides welfare aid recipients who attend vocational school with educational allowances but denies such allowances for recipients attending college, except for those with not more than one year of college to finish for a degree or who are physically handicapped, deprives her of rights secured to her by the due process and equal protection clauses of the fourteenth amendment to the United States Constitution and by the Federal Social Security Act, 42 U.S.C. § 601.

The district judge dismissed the complaint without specifying any grounds, stating only that "this cause should be dismissed for the reasons set forth in said motion." The motion to dismiss stated three reasons for the dismissal of the complaint: (1) failure to state a claim upon which relief can be granted, (2) failure to exhaust other state remedies, and (3) failure to present a substantial federal constitutional question. On this appeal from the court's action, we affirm the dismissal of the complaint by the single district judge on the narrow ground that no substantial federal constitutional question was presented.

The plaintiff in the action before us is the mother of five minor children. The only source of support for her and her family has been welfare payments under the Aid to Families with Dependent

---

1. The Honorable Jesse E. Eschbach is sitting by designation from the United States District Court for the Northern District of Indiana.

Children Program (AFDC). Allegedly in order to become self-supporting and have no further need for public assistance, the plaintiff enrolled as a junior college student with the goal of becoming an elementary school teacher. Educational expenses amounting to $70 per month had to be paid out of her monthly welfare grant which is designated as being for the basic necessities of food, clothing and shelter for the family. The plaintiff applied for an educational allowance from the Cook County Department of Public Aid under Ill.Rev.Stat. ch. 23 § 9–5 (1967) so that she could continue college without depriving her family of the funds necessary for food, clothing and shelter. Defendants, relying on the regulation of the Illinois Department of Public Aid, Sec. 1000, paragraph 1032, refused her this educational allowance. The plaintiff argues that the discrimination inherent in the distribution of educational allowances to public aid recipients under the regulation violates her fourteenth amendment rights and thereby presents a substantial constitutional question which requires the convening of a three-judge district court.

■ The court of appeals has jurisdiction to review the one-judge district court's dismissal of the complaint. Schackman v. Arnebergh, 387 U.S. 427, 87 S.Ct. 1622, 18 L.Ed.2d 865 (1967); Hargrave v. McKinney, 413 F.2d 320, 323 (5th Cir. 1969). Our inquiry in the case before us is simply whether the claim of unconstitutionality is substantial, because if it is not the district judge may properly refuse to convoke a three-judge district court and may dismiss the action. Green v. Board of Elections of City of New York, 380 F.2d 445, 448 (2d Cir. 1967); Brown v. Dunne, 409 F.2d 341, 344 (7th Cir. 1969); for historical analysis see Eastern States Petroleum Corporation v. Rogers, 108 U.S.App.D.C. 63, 280 F.2d 611, 615 (D.C.Cir. 1960).

"The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this Court as to foreclose the subject." California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938).

We are of the opinion that the opinion in the recent Supreme Court case of Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), is dispositive of the issue before us.

While the regulation in question admittedly creates two classes of welfare recipients, different only in that in one the recipient attends college and in the other attends vocational school, with educational allowances only available to the latter class with limited exceptions, it does not necessarily follow that the classification on the basis of the type school attended is irrational and arbitrary and therefore in violation of the fourteenth amendment.

In *Dandridge*, the Court stated (at 485–486, 90 S.Ct. at 1161):

"In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' * * * 'A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. * * *'

"To be sure, the cases cited, and many others enunciating this fundamental standard under the Equal Protection Clause, have in the main involved state regulation of business or industry. The administration of public welfare assistance, by contrast, involves the most basic economic needs of impoverished human beings. We recognize the dramatically real factual difference between the cited cases and this one, but we can find no basis for applying a different constitutional standard. * * * And it is a standard that is true to the principle that the Fourteenth Amendment gives the

federal courts no power to impose upon the States their views of wise economic or social policy." (Citations and footnotes omitted)

 Applying this standard to the case at hand we find that Section 1000, paragraph 1032 of the Illinois Department of Public Aid Categorical Assistance Manual does not violate the fourteenth amendment.

A similar classification created by the Illinois welfare provisions was recently upheld as constitutional by a three-judge district court in the case of Alexander v. Swank, 314 F.Supp. 1082 (N.D.Ill.1970)'.

The reasoning of both Chief Judge Swygert and District Judge Marovitz, in holding that the differentiation between educational categories was reasonable in *Alexander*, we find applicable here.

Among other factors it was noted that the skills of manual laborers are in short supply.

In the case before us the defendant Swank pointed out that state funds for welfare programs are limited and that the amount needed for vocational training was comparable to that needed for one year of college. Presumably this was limited to those who only needed one year of credit for an undergraduate degree, as the year of college work not followed by a degree would result in only limited increase in employment opportunities.

Mindful that "the federal law gives each State great latitude in dispensing its available funds," *Dandridge, supra*, 397 U.S. at 478, 90 S.Ct. at 1158, and cognizant of the existence of legislative objectives resulting in the classification which are not unreasonable, we hold that dismissal of this action by the district court was warranted since no substantial constitutional question was raised.

The administrative judgment reflected in Section 1000, paragraph 1032 might or might not have been that which we would have reached had we been in the position of the promulgator. That is not the question before us, which is whether the classification was so lacking in reasonableness and justification as to be invasive of Money's constitutional rights. We here determine it was not.

While noting authority to the effect that it is not necessary for a plaintiff suing for a deprivation of civil rights to exhaust state administrative remedies,[2] because of the result we here have reached we do not pass upon the merits of defendants' contentions that the complaint should have been dismissed because of failure to exhaust state administrative remedies.

The judgment of the district court is affirmed.

---

2. Wright, Law of Federal Courts, p. 161 n. 6 (1966). Indeed, there is authority that if there is a substantial constitutional question, the authority of the single district judge to dismiss is narrowly limited. See: National Mobilization Committee to End War in Viet Nam v. Foran, 411 F.2d 934, 936 n. 3 (7th Cir. 1969).