**Theodore WAIER and Ann Grudowski et al., Plaintiffs,**

v.

**Wilbur J. SCHMIDT et al., Defendants.**

**Civ. A. No. 70-C-311.**

United States District Court,
E. D. Wisconsin.

Oct. 9, 1970.

---

Erick Schulenburg, Freedom Through Equality, Inc., Milwaukee, Wis., for plaintiffs.

Robert W. Warren, Atty. Gen., and Ward L. Johnson, Asst. Atty. Gen., Madison, Wis., for defendants.

## OPINION AND ORDER

REYNOLDS, District Judge.

In an opinion and order dated July 24, 1970, this court denied a motion for a temporary restraining order made by the plaintiffs in this case. In the July 24, 1970, opinion, 316 F.Supp. 407, this court declined to decide whether a three-judge court should be convened to hear the case on its merits pursuant to 28 U.S.C. §§ 2281 and 2284. Leave was granted to the parties to brief the issue of the necessity of a three-judge court.

A three-judge court is not required where the alleged constitutional claim is insubstantial. Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Bynum v. Connecticut Commission on Forfeited Rights, 410 F.2d 173 (2d Cir. 1969). If the single district judge determines that the constitutional claim is insubstantial, he may refuse to convoke a three-judge court and may properly dismiss the action. Money v. Swank, 432 F.2d 1140 (No. 18023, 7th Cir., Sept. 16, 1970); Brown v. Dunne, 409 F.2d 341 (7th Cir. 1969); Green v. Board of Elections of City of New York, 380 F.2d 445 (2d Cir. 1967); Utica Mutual Insurance Co. v. Vincent, 375 F.2d 129 (2d Cir. 1967).

I must therefore determine if the constitutional claim raised by the plaintiff is insubstantial. I believe that it is.

My opinion of July 24, 1970, contained a full discussion of the facts and issues involved in this case, but I will review them briefly.

Plaintiffs are residents of skilled care nursing homes in Wisconsin and receive medical assistance from the state under Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq., hereinafter referred to as "Medicaid." They also receive a monthly benefit check under the Old Age, Survivors, and Disability Insurance Program, Title II of the Social Security Act, 42 U.S.C. § 401 et seq., commonly referred to as "Social Security." Under Medicaid, the plaintiffs' medical assistance costs are paid for by the state. Each month, when their Social Security checks arrive, the plaintiffs are required to sign the checks over to the state but are permitted to retain $9 per month to cover personal and clothing needs.

Plaintiffs are challenging a statewide policy issuance of the Wisconsin Department of Health and Social Services entitled "Bulletin FS–70–13" (which is attached as an appendix to this opinion). It is claimed that this policy denies them the equal protection of the laws. It is this constitutional claim which must be judged as to its substantiality.

Bulletin FS–70–13 was promulgated with reference to the Tax Reform Act of 1969, Public Law 91–172, 83 Stat. 487. The Tax Reform Act of 1969 enacted a 15% increase in Social Security benefits. In two sections of the Tax Reform Act, §§ 1006 and 1007, Congress took steps to see that certain Social Security recipients, who were also state public assistance recipients, would receive the full cash benefit of the 15% increase for certain months. Social Security benefits are usually treated as income to state public assistance recipients. Hence, Congress provided for a pass-along in §§ 1006 and 1007 so that, for the months specified, the 15% increase was to be disregarded for income purposes, that is, not treated as income, but was instead to go directly to the recipients.

Section 1006 of the Tax Reform Act provided a pass-along for the months of January and February 1969. The plaintiffs received an income disregard pass-along for those months. Section 1007 provided for a pass-along for the months of April, May, and June 1969. Section 1007 by its terms excludes the plaintiffs from receiving this latter pass-along. Section 1007 begins as follows:

"In addition to the requirements imposed by law as a condition of approval of a State plan to provide aid or assistance *in the form of money payments* to individuals *under title I, X, XIV, or XVI* of the Social Security Act, there is hereby imposed the requirement * * *." (Emphasis supplied.)

Plaintiffs do not receive "money payments"; they receive medical care services. Plaintiffs are not under Titles "I, X, XIV, or XVI"; they are under Title XIX.

■ Bulletin FS–70–13 does nothing but implement the clear meaning of the federal statute. FS–70–13 provides that plaintiffs are not to receive the pass-along provided for in § 1007 because they do not receive money payments. Plaintiffs claim that this denial, which is embodied in FS–70–13, constitutes a denial of equal protection of the laws. There is no evidence that FS–70–13 is anything other than a straight-forward administrative application of the federal law. In light of that fact, there is substantial doubt in my mind as to whether or not plaintiffs may be proceeding under the wrong statute and may have failed to name the proper parties as defendants. However, I do not reach that issue in light of the fact that I find the constitutional claim raised by the plaintiffs to be insubstantial whether the claimed denial of equal protection is viewed as emanating from the state administrative policy or from the federal statute.

The Supreme Court has stated that:
" * * * The lack of substantiality in a federal question may appear either because it is obviously without

merit or because its unsoundness so clearly results from the previous decisions of this Court as to foreclose the subject. \* \* \*" California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938).

In Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970), the Supreme Court stated:

"In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' \* \* \* 'A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. (Citation omitted.)"

See also Money v. Swank, 432 F.2d 1140 (No. 18023, 7th Cir., Sept. 16, 1970). Is there a reasonable basis on which to sustain the failure to pass along Social Security increases to plaintiffs when other categorical aid recipients received such a pass-along?

Defendants argue that there is a reasonable basis for treating Medicaid recipients in skilled care nursing homes differently from other categorical aid assistance recipients. Defendants point out that other categorical aid recipients, like AFDC recipients, for example, who are "on the street," must meet a whole host of expenses out of their regular public assistance grant, whereas, many of these needs are provided for by the state to those residing in skilled care nursing homes. [This court notes that AFDC recipients in Wisconsin, for example, in a time of increasing cost of living, have to meet their needs out of welfare grants that are being reduced rather than increased. See Alvarado v. Schmidt, 317 F.Supp. 1027 (W.D.Wis. 1970).] Plaintiffs' primary and basic expenses, such as food, rent, utilities, heat, medical expenses, etc., are all paid for by the state under Title XIX. Defendants argue that this is a sufficiently "reasonable" basis for the difference in treatment with regard to the Tax Reform Act pass-along which is embodied in FS–70–13.[1]

■ The plaintiffs appear to concede in their brief that there is a reasonable basis for differing treatment between Medicaid recipients in nursing homes and other categorical aid recipients. However, they contend that while there is a basis for differing treatment, it should be a matter of degree rather than an all or nothing solution. In effect, plaintiffs argue that they need not be given the full pass-along afforded other categorical aid recipients but that they should be given *something* in the form of a pass-along. They *have* been given something in the form of a pass-along. It is undisputed that the plaintiffs received a pass-along pursuant to § 1006 of the Tax Reform Act for the months of January and February.[2] I find plaintiffs' contention that FS–70–13 denies them equal protection because it denied the plaintiffs the additional pass-along afforded other categorical aid recipients under § 1007 of the Tax Reform Act to be an insubstantial constitutional claim.

Therefore, on the basis of the foregoing and the entire record herein,

It is ordered that the plaintiffs' request for a three-judge court be and it hereby is denied, and that the complaint be and it hereby is dismissed on the ground that the constitutional claim raised is insubstantial.

---

1. See also Catalano v. Department of Hospitals of City of New York, 299 F.Supp. 166 (S.D.N.Y.1969). In *Catalano*, the district court found that differing income exemption levels for "chronic care" Medicaid recipients and out-patient Medicaid recipients did not lack a rational basis so as to constitute a denial of equal protection.

2. See appendix, "General Letter FS–70–30."

Appendix

State of Wisconsin

DEPARTMENT OF HEALTH AND
SOCIAL SERVICES

Division of Family Services

1 West Wilson Street
Madison 53702

March 24, 1970

BULLETIN FS–70–13

TO:     SECTION III MANUAL HOLDERS

FROM:     FRANK NEWGENT, AD-MINISTRATOR

RE:     Social Security and Railroad Retirement Increases as Related to Medical Assistance Recipients in Nursing Homes

This bulletin supplements bulletins FS–70–8, FS–70–9 and FS–70–11 regarding increases in social security and railroad retirement benefits as they affect persons in nursing homes who are receiving Medical Assistance.

The provisions of Public Law 91–172 which require disregard of the supplemental check to be received in April, and disregard of $4.00 of the 15% increase which will be reflected in the benefit check to be received April 3 and in months thereafter, apply only to persons receiving social security aid money payments. These provisions do not apply to persons receiving only Medical Assistance.

For persons in nursing homes, income is applied first to needs met through the money payment. For this reason such persons who have social security benefits do not receive a social security aid money payment. Therefore, both the supplemental check received in April for the amount of the January and February increase, and the full amount of the increased benefit received on April 3 and thereafter will be considered as income for purposes of Medical Assistance.

For persons in nursing homes, both the full amount of the check received on April 3 (less the amount applied to personal and clothing needs) and the full amount of the supplemental check received in April will be applied toward the April cost of nursing home care. The full amount of the regular check received on May 3 and in months thereafter (less amounts applied to personal and clothing needs) will be applied to the cost of nursing home care for the month of May and months thereafter.

For example, using the conversion table transmitted by bulletin FS–70–9, an individual who has been receiving a monthly social security benefit of $60 will receive a benefit of $69 on April 3. Later in April he will receive a supplemental check of $18. ($69–$60=$9. $9 + $9= $18) April income from social security benefits is $87 ($69+$18) and is applied toward cost of April care (less an amount applied to personal and clothing). May income and for months thereafter is $69 and is applied toward the cost of nursing home care beginning with May 1 (less an amount applied toward personal and clothing needs).

*Procedures*

Information about the amounts of income to be applied to the cost of nursing home care for the month of April and for the month of May and thereafter are to be reported to Blue Cross on the *same* Certification to Contractor (Form PA–SS–297MA). The amount to be applied for April will be listed first and will be preceded in the OASDI column by the date 4–1–70. The amount to be applied for May and thereafter will be listed immediately below and will be preceded by the date 5–1–70. The type of certification action will be Amended Certification (code 3). For these cases *three* copies of the Form PA–SS–297MA will be prepared and *two* copies will be forwarded to Blue Cross. This will permit Blue Cross to use one copy to computerize the April action and the second copy to computerize the May action. These forms PA–SS–297MA are to be forwarded to Blue Cross after April 10 and not later than May 8 so as to permit processing prior to computer up-dating for payment of April bills.

It will also be necessary to advise nursing homes of new amounts to be applied toward the cost of nursing home care for the month of April and for the month of May and thereafter. Preferably this should be done by sending a listing of recipients to the nursing home showing the amounts to be applied as of 4–1–70 and 5–1–70. It can be done by sending the PA–SS–343MA, Authorization to Contractor for Nursing Home Care, to the nursing home including only identifying information and the changed amounts of income available for nursing home care, preceded by the date available. It is not necessary for the nursing home to attach a copy of the PA–SS–343 MA showing the changed amount of income available to the April or May bills to Blue Cross.

At this time there is no requirement to amend the certification for these cases or any other cases to reflect the new total OASDI benefit. This can be done as cases are reviewed for continuing eligibility.

Ge Corresp. Files
Medical

State of Wisconsin

## DEPARTMENT OF HEALTH AND SOCIAL SERVICES
Division of Family Services

1 West Wilson Street
Madison 53702

April 29, 1970

GENERAL LETTER FS–70–30

TO: COUNTY WELFARE DIRECTORS
REGIONAL DIRECTORS

FROM: FRANK NEWGENT, ADMINISTRATOR

RE: Supplement to Bulletin FS–70–13 Pertaining to Social Security and Railroad Retirement Increases for Medical Assistance Only Cases

---

This is to confirm and supplement information on the above subject which recently has been transmitted to you through your Regional Office.

We have just learned that following issuance of federal policy materials a subsequent federal ruling required disregard for Medical Assistance Only cases of the *retroactive supplemental* social security and railroad retirement benefit received in April for January and February. This federal requirement now is the same in regard to the retroactive benefit as for each of the public assistance programs. Therefore, we are modifying our instructions accordingly, so as to require disregard of the *retroactive* check for Medical Assistance Only cases.

However, there will be no need for the county agency to amend the Certification to Contractor, Form PA–SS–297MA, to show disregard of the retroactive payment as income to be applied toward the April cost of nursing home care, colony care or mental hospital care. Neither will it be necessary to send an amended Notice to Colonies and Mental Hospitals, Form FS–SS–316MA, to the Bureau of Collection and these institutions. This is because Blue Cross and the Bureau of Collection have been authorized to apply the same amount of income toward the cost of April care as the Certification and the Notice shows to be applied to the cost of May care.

On the other hand, it will be necessary for the county agency to advise skilled nursing homes, colonies and mental hospitals, that for billing purposes they should credit the same amount of income against the cost of April care as they have been advised earlier to credit against the cost of May care. This should be done immediately, as some facilities will be submitting bills for April care as early as May 1.

It also will be necessary for county agencies to review Medical Assistance Only cases which have been found ineligible on the basis of income because of consideration of the *supplemental retroactive* benefit as income. Since there is no way for Blue Cross or the

Bureau of Collection to identify such cases, it will be necessary to submit a Reinstated Certification to Blue Cross and an amended Notice to the Bureau of Collection for those cases in which eligibility now exists because of revised procedures. This situation likely will occur mostly for persons not living in an institutional setting but may occur for some persons living in the aforementioned facilities.

Any Certifications to Contractor, or Notices to Colonies and Mental Hospitals, which are not yet completed should reflect the new requirement for disregard as income of the *supplemental retroactive* payment.

Please note that there continues to be no federal requirement for disregard of any part of the *regular checks* received in April and months thereafter in Medical Assistance Only cases. For this reason, and because our state law permits us to disregard income only so far as federally required, no change is made in our requirement for Medical Assistance Only cases for full application of the increased social security and railroad retirement benefits received by regular check starting in April and continuing in subsequent months.

Reference: Bureau of Medical Assistance