Frank PALADINO, d/b/a The Hideaway Lounge, Plaintiff,

v.

CITY OF OMAHA et al., Defendants.

Civ. No. 72-O-101.

United States District Court, D. Nebraska.

Jan. 17, 1972.

Walter J. Matejka and William S. Poppleton, Omaha, Neb., for plaintiff.

Gary P. Bucchino, Omaha, Neb., for defendants.

## MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court for hearing on plaintiff's application for a preliminary and permanent injunction restraining enforcement of an ordinance of the City of Omaha, Nebraska. The parties have orally stated to the Court that they have no objection to the Court also considering defendants' motion to dismiss at this time [Filing #5].

The ordinance in question provides that cause for revocation or suspension of a liquor license exists when the licensee or his agent shall allow, on the licensed premises, live entertainment that includes nudity, which is defined to mean exposure of the female breast or male or female genitals.

The plaintiff has previously allowed "Go Go" girls to dance "topless" in his establishment, which was licensed for the serving of liquor. The present stage of the proceeding is that as a result of allowing the described dancing, plaintiff has had his liquor license revoked; such revocation has been sustained by the State Liquor Commission. In this action, plaintiff alleges that the enforcement of the ordinance constitutes an infringement of his First Amendment rights and that conditioning a liquor license upon compliance with such an ordinance violates the Fifth and Fourteenth Amendments of the United States Constitution.

■ Among the grounds alleged in defendants' motion to dismiss is that this case involves no substantial federal question. Dismissal for lack of a substantial federal question is entirely proper. Money v. Swank, 432 F.2d 1140, [7th Cir. 1970]. The threshold question before the Court is: Does the plaintiff's complaint present a substantial federal question? The answer will turn upon whether the dancing as described is protected by the First Amendment. An adverse determination to plaintiff will moot his Fifth and Fourteenth Amendment claims, since conditioning a liquor license on a constitutionally valid ordinance would not violate those amendments. A favorable determination to plaintiff will necessitate a finding on the Fifth and Fourteenth Amendment claims as well.

■ The parties have not indicated that the dancing herein is in any way different from that previously before the Court in Hodges v. Fitle, 332 F. Supp. 504, [D.Neb.1971]. In that decision, the Court found that the ordinance in question as applied to dancers themselves did not violate the First Amendment. Plaintiff argues that in Hodges v. Fitle, *supra,* the ordinance did not directly apply to the dancers, and it is the licensees themselves now before the Court. Plaintiff also argues that Hodges v. Fitle, *supra,* may be distinguished as to the great difference in possible injury between the dancers and the licensees. The Court finds no merit in the latter contention. Whether an activity is or is not protected by the First Amendment has never been held to turn upon the degree of harm to the plaintiff if the activity were to be found not to be so protected.

There remains the question as to whether the ordinance as applied to the licensee violates the First Amendment. This Court is not altogether convinced that it should not dismiss this case solely on the authority of Hodges v. Fitle, *supra,* but, lest there be any mistake as to the Court's opinion in these matters, the Court will elaborate.

This Court is of the opinion that almost every activity of human life involves elements of communication. It is communication that is the essence of the speech protected by the freedom of speech clause of the First Amendment. An example will serve to illustrate the problem the Court sees herein. A shirt is generally considered to be worn for the purposes of covering the human body, both for warmth and as protection against casual injury. But the wearing of the shirt may also communicate a preference for a style or color, or appreciation to the person who purchased it if it is worn in the presence of that person. A particular shirt might also be worn as part of a protest movement, as was the arm band found protected in Tinker v. Des Moines School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 [1969]. The Court believes that the first example, the wearing of a shirt and communication of a preference or appreciation, is the sort of conduct described in United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 [1968], as of the limitless variety that cannot be labeled as speech for protection within the meaning of the First Amendment. The question, then, is what is the distinction that makes the first activity not protected but the second activity protected.

■ The Supreme Court has seemed hesitant to spell out in detail a test which the Court can apply in these cases where the activity has both elements of conduct and speech. However, the Court believes that a thorough reading of United States v. O'Brien, *supra,* and the line of cases that follow it, including Tinker v. Des Moines School District, *supra,* results in this conclusion. The approach of the Court must be one of determination on a case by case basis. Whenever the Court can say, after all the evidence has been considered, that the speech elements of the activity are merely incidental to the activity, then the activity in its entirety is not by virtue of its speech elements entitled to the protection of the First Amendment.

Thus, in the Court's examples, the communication of preference of a style of shirt would be incidental to its wearing as a covering. On the other hand, the communication of protest would not be incidental to the wearing of the shirt as a covering but a material reason by itself for the selection.

■ Applying these principles to the case at bar, the Court is convinced that whatever speech or communicative elements are present in this dance as performed are incidental, if not *accidental* to the activity. This is not to say that every dance is not protected. In fact, it appears to the Court that the usual ballet, presenting its story of social or political comment, might well be within the protection of the First Amendment.

■ It follows from this finding that plaintiff's complaint fails to present a substantial federal question and defendants' motion to dismiss should be sustained.

An order sustaining defendants' motion to dismiss will be entered contemporaneously with this memorandum.