**Frank PALADINO, d/b/a The Hideaway Lounge, Appellant,**

v.

**CITY OF OMAHA et al., Appellees.**

**No. 72–1167.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 20, 1972.

Decided Dec. 29, 1972.

William S. Poppleton and Joseph Lawrence Hastings, Omaha, Neb., for appellant.

Edward M. Stein and Gary P. Bucchino, Omaha, Neb., for appellees.

Before LARAMORE, United States Court of Claims Senior Judge, and BRIGHT and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Frank Paladino (Paladino) brought this action against the City of Omaha, Nebraska (City) seeking an injunction against the enforcement of an order of the Omaha City Council revoking Paladino's license for violation of a city ordinance prohibiting topless and other nude entertainment in Omaha bars. A hearing was held upon plaintiff's application for a preliminary and permanent injunction and upon defendant's motion to dismiss. The district court, 335 F.Supp. 897, granted the City's motion to dismiss on the ground that the complaint failed to present a substantial federal question. Paladino appealed the dismissal claiming primarily that the performance of a dance, in the absence of a showing of obscenity, is entitled to the protection of the first amendment, and that "[t]he conditioning of the operation and maintenance of a licensed business, upon compliance with an ordinance, which on its face is a prior restraint on a form of expression, is constitutionally prohibited." We affirm the judgment of dismissal of the district court but for reasons other than the one expressed by the district court.

The city ordinance pursuant to which Paladino's license was revoked provided in pertinent part as follows:

"6. It shall be cause for revocation or suspension as herein provided if the licensee, his manager or agent, shall allow any live person to appear, or have reasonable cause to believe that any live person shall appear in any licensed premises in a state of nudity, to provide entertainment, to provide service, to act as hostess, manager or owner, or to serve as an employee in any capacity.

"For the purposes of this subsection, the term 'nudity' shall mean the showing of the human male or female genitals, pubic area or buttocks or the human female breast including the nipple or any portion below the nipple with less than a full opaque covering; provided, however, for entertainment purposes only with less than a full opaque covering, shall mean or include the wearing of pasties." Omaha, Neb., Ordinance No. 18.04.070(6) (1971).

Paladino continued to provide topless dancing entertainment at his bar, and after a hearing, his license was revoked. After appealing unsuccessfully to the Nebraska State Liquor Commission, Paladino brought this action in the district court.

At the time of presentation of oral arguments, this Court indicated that disposition of this appeal would be delayed until the Supreme Court of the United States had decided the case of California v. LaRue which presented a similar, but not identical question of law. That case has now been decided, and while the facts differ slightly, it is dispositive of the issues in this case. California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed. 342 (1972).

It is clear from the holding of the Supreme Court in *LaRue* that this case does present a federal question of constitutional proportions; but no useful purpose would be served in remanding the case to the district court when the sole question presented by the appellant in this appeal is the constitutionality of the challenged ordinance on its face.

In *LaRue* the regulation in question prohibited the following kinds of conduct on licensed premises:

"(a) The performance of acts, or simulated acts, of 'sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law';

(b) The act of simulated 'touching, caressing or fondling on the breast, buttocks, anus or genitals';

(c) The actual or simulated 'displaying of the pubic hair, anus, vulva or genitals';

(d) The permitting by a licensee of 'any person to remain in or upon the licensed premises who exposes to pub-

**814**

lic view any portion of his or her genitals or anus'; and, by a companion section,

(e) The displaying of films or pictures depicting acts a live performance of which was prohibited by the regulations quoted above." *Id.* at 111, 93 S.Ct. at 393.

A careful reading of these regulations in comparison with the Omaha ordinance, shows a basic similarity between the two rules; but without question, the Omaha city ordinance is more restrictive than the California regulation in that topless entertainment in Omaha bars is prohibited, but is not prohibited by the California regulation.

In *LaRue* the Supreme Court agreed that some of the performances prohibited by the California regulation (like some of the acts proscribed by the Omaha ordinance) were "within the limits of the constitutional protection of freedom of expression." California v. LaRue, *supra*, at 118, 93 S.Ct. at 397. But it went on to note that "the critical fact is that California has not forbidden these performances across the board. It has merely proscribed such performances in establishments which it licenses to sell liquor by the drink." *Id.*

We understand the rule in *LaRue* to be that under the twenty-first amendment, the state (or city) may proscribe sexually oriented performances, not otherwise obscene or illegal, in establishments which it licenses to sell liquor by the drink. And unless we can say that the determination made by the City as to *which* sexually oriented performances are barred is in fact "irrational", we cannot hold that the ordinance on its face violates the Federal Constitution, especially in view of the presumption in favor of the regulation required by the twenty-first amendment. We are unwilling to hold, as a matter of law, that the City's determination was "irrational" and therefore affirm the judgment of the district court in dismissing Paladino's complaint.