The BLATNIK COMPANY, a Minnesota Corporation, and Jack Blatnik, Jr., Appellants,

v.

Jerry H. KETOLA, Individually and as City Attorney for the City of Virginia, J. Edward Pearsall, Individually and as Mayor of the City of Virginia, and Edward Snyder, Individually and as Virginia Chief of Police, Appellees.

No. 78–1151.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1978.

Decided Nov. 13, 1978.

Randall D. B. Tigue (argued), and Patsy S. Reinard, Legal Counsel, Minnesota Civil Liberties Union, Minneapolis, Minn., on brief, for appellants.

Jerry H. Ketola, City Atty., Virginia, Minn., for appellees.

Before LAY, BRIGHT and ROSS, Circuit Judges.

ROSS, Circuit Judge.

This appeal from the district court's[1] grant of a cross-motion for summary judgment in favor of appellees arose out of appellants' action for declaratory and injunctive relief and the dismissal of their complaint. Appellants challenged the constitutionality of an ordinance[2] enacted by

1. The Honorable Miles W. Lord, United States District Court for the District of Minnesota.

2. Ordinance No. 32–L provides:

Sec. 1. The following acts or conduct on premises holding an on-sale liquor or on-sale non-intoxicating malt liquor license are deemed contrary to public welfare and morals and therefore no "on-sale" license shall be held at any premises where such conduct or acts are permitted:

(a) To employ or use any person in the sale or service of alcoholic beverages in or upon the licensed premises while such person is unclothed or in such attire, costume or clothing as to expose to view any portion of the female breast below the top of the areola or of any portion of the pubic hair, anus, cleft of the buttocks, vulva or genitals.

(b) To employ or use the services of any hostess while such hostess is unclothed or in such attire, costume or clothing as described in paragraph (a) above.

(c) To encourage or permit any person on the licensed premises to touch, caress or fondle the breasts, buttocks, anus or genitals of any other person.

(d) To permit any employee or person to wear or use any device or covering exposed to view, which simulates the breast, genitals, anus, pubic hair or any portion thereof.

(e) To permit any person to perform acts of or acts which simulate:

1. With or upon another person sexual intercourse, sodomy, oral copulation, flagellation or any sexual acts which are prohibited by law.

2. Masturbation or bestiality.

3. With or upon another person the touching, caressing or fondling on the breast, buttocks, anus or genitals.

(f) To permit any person to use artificial devices or inanimate objects to depict any of the prohibited activities described above.

(g) To permit the showing of film, still pictures, electronic reproduction, or other visual reproduction, or other visual reproductions depicting:

1. Acts or simulated acts of sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation, or any sexual acts which are prohibited by law.

2. Any person being touched, caressed or fondled on the breast, buttocks, anus or genitals.

3. Scenes wherein a person displays the vulva or the anus or the genitals.

4. Scenes wherein artificial devices or inanimate objects are employed to depict, or drawings are employed to portray, any of the prohibited activities described above.

Sec. 2. Whoever violates any provision of this ordinance shall be guilty of a misde-

the City of Virginia, Minnesota which, in part, provides for the prohibition of semi-nudity and nudity and other sexually explicit entertainment in on-premises liquor establishments. Appellants alleged that the ordinance is overbroad in that it prohibits activities entitled to the protection of the first and fourteenth amendments to the Constitution.[3]

Appellants, the Blatnik Company, and its president, Jack Blatnik, Jr., are engaged in the operation of a duly licensed liquor establishment in Virginia, Minnesota. The Blatnik Company provides entertainment for its customers consisting of "go-go" dancers. The appellees are Jerry H. Ketola, City Attorney for the City of Virginia, J. Edward Pearsall, Mayor of Virginia and Edward Snyder, Virginia's Chief of Police. The appellees are responsible for the enforcement of the ordinance.

For the reasons hereinafter stated, we agree with the district court that there were no genuine issues of material fact presented and that the appellees were entitled to judgment as a matter of law.

## I.

█ We note at the outset that appellants have alleged the existence of a case or controversy within the meaning of article III of the Constitution and that their claim for relief under 28 U.S.C. § 2201 is justiciable.

█ Federal declaratory relief under 28 U.S.C. § 2201 is available when those seeking to invoke the power of federal courts allege an actual case or controversy within the meaning of article III of the Constitution. *Doe v. Bolton*, 410 U.S. 179, 188, 93 S.Ct. 739, 35 L.Ed.2d 201 (1972); *Flast v. Cohen*, 392 U.S. 83, 99–101, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). In order to assure the requisite adverseness of interest which "sharpens the presentation of issues

upon which the court so largely depends for illumination of difficult constitutional questions" the parties must possess a "personal stake in the outcome" of the case. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).

In *Steffel v. Thompson*, 415 U.S. 452, 475, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), the Supreme Court held that declaratory relief may be invoked against a general as well as an actual threat of state prosecution whether an attack is made on the constitutionality of a state statute on its face or as applied. The challenger need not expose himself to actual arrest.

In this case the ordinance is not moribund and applies particularly and unambiguously to appellants' business. A violation of any provision of the ordinance is grounds for revocation or suspension of any and all licenses held by a liquor establishment as well as the imposition of a term of imprisonment or a fine up to $300.00.

## II.

This case presents the issue of whether the state's broad regulatory power over liquor within its borders, conferred by the twenty-first amendment, outweighs a tavern owner's first amendment interest in presenting sexually explicit entertainment to its patrons. We conclude that it does.

█ Although it has been held that the twenty-first amendment must be read in light of other provisions of the Constitution, *Hostetter v. Idlewild Liquor Corp.*, 377 U.S. 324, 332, 84 S.Ct. 1293, 12 L.Ed.2d 350 (1964), it has been read as conferring something more upon a state than the normal operation of the police power. In *Seagram & Sons v. Hostetter*, 384 U.S. 35, 42, 86 S.Ct. 1254, 16 L.Ed.2d 336 (1966), the Court reaffirmed its view that a state is not confined by the normal operation of the commerce clause when regulating intoxicating

---

meanor and sentenced to imprisonment for not more than 90 days or to a fine of not more than $300.00, or both, and such violation shall be grounds for revocation or suspension of any and all licenses held at such premises.

3. Appellants also contend that this court is bound by certain legal conclusions set forth in the complaint. We find this argument to be without merit.

liquors within its borders. *Accord, Finch & Co. v. McKittrick,* 305 U.S. 395, 398, 59 S.Ct. 356, 83 L.Ed. 246 (1939). Furthermore, a regulation enacted pursuant to the twenty-first amendment entitles it to a presumption of validity. *California v. LaRue,* 409 U.S. 109, 118–19, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972).

### III.

It is important to note at the outset that this case is before us in the context of the city's regulatory powers over intoxicating liquors within its borders. The City of Virginia has not attempted to bar all nude entertainment, whether live or on film, across the board. Rather the city has prohibited such entertainment only in establishments licensed to sell liquor by the drink.

In *California v. LaRue, supra,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342, the Supreme Court upheld the constitutionality of a regulation issued by the California Department of Alcoholic Beverage Control which prohibited explicit sexual live entertainment and films in taverns licensed to sell liquor by the drink. The Court pointed out that the challenged regulations arose "not in the context of censoring a dramatic performance in a theater, but rather in a context of licensing bars and nightclubs to sell liquor by the drink." *Id.* at 114, 93 S.Ct. at 395. The Court made it clear that because of the state's broad regulatory powers under the twenty-first amendment traditional first amendment standards were not appropriate in resolving the issue of the regulation's constitutionality. *Id.* at 116, 93 S.Ct. 390. While the Court admitted that the regulations proscribed some forms of entertainment entitled to the protection of the first amendment, the regulations were addressed to the conduct rather than speech elements of the entertainment. *Id.* at 116–17, 93 S.Ct. 390. The Court went on to apply a rational basis test concluding that

the state may promulgate broad prophylactic rules banning sexually explicit entertainment at licensed taverns so long as they represent a reasonable exercise of a state's twenty-first amendment powers and are rationally related to the furtherance of legitimate state interests. Because the Court could not conclude that the department's decision that certain sexual performances ought not occur at licensed taverns selling liquor by the drink was an irrational one, the regulation on its face did not violate the first and fourteenth amendments to the Constitution. *Id.* at 118, 93 S.Ct. 390.

In *Paladino v. City of Omaha,* 471 F.2d 812 (8th Cir. 1972), this court held that an ordinance bearing a basic similarity to the regulation upheld in *California v. LaRue, supra,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342, was not unconstitutional *on its face.*[4] The ordinance in *Paladino* was more restrictive than the regulation upheld in *LaRue* in that it additionally banned topless dancing in bars. We concluded that "unless we can say that the determination made by the City as to *which* sexually oriented performances are barred is in fact 'irrational', we cannot hold that the ordinance on its face violates the Federal Constitution * * *." *Paladino v. City of Omaha, supra,* 471 F.2d at 814.[5]

Appellants contend that *Peto v. Cook,* 364 F.Supp. 1 (S.D.Ohio 1973), *aff'd sub nom. Guggenheim v. Peto,* 415 U.S. 943, 94 S.Ct. 1462, 39 L.Ed.2d 560 (1974), implicitly narrows the Supreme Court's holding in *California v. LaRue, supra,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342, and urges this court to adopt the district court's reasoning in *Peto.* We reject this contention because the facts before us are clearly distinguishable from the facts before the district court in *Peto.*

In that case the regulation before the court was considerably broader than in this case in that it sought to regulate literature, advertising materials and language as well

---

4. In *Paladino* the appellant on appeal challenged only the facial invalidity of the ordinance.

5. The sole difference in the two ordinances is that Ordinance 32–L enacted by the City of Virginia additionally bans films in which nude entertainment is provided.

as sexually explicit entertainment in both on and off premises liquor establishments. *Peto v. Cook, supra,* 364 F.Supp. at 3 n.5.

Furthermore, the *Peto* case arose in the context of a warrantless search of plaintiff's "take out" liquor establishment in which allegedly obscene printed materials were seized without an opportunity for a judicial determination of their obscenity. *Id.* at 4. The court held that the warrantless search and seizure was per se violative of the fourth amendment and therefore held it unconstitutional and permanently enjoined enforcement of the portions of the regulation which sought to regulate printed materials not previously found obscene under the standards of *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). However the *Peto* court held constitutional those portions of the regulation falling within the ambit of *California v. LaRue, supra,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342. *Peto v. Cook, supra,* 364 F.Supp. at 5. Thus there is no merit in appellants' contention and we reject the invitation to follow the inapposite reasoning of the district court in *Peto.*

■ Because we cannot say that the city's conclusion (as embodied in the ordinance) that sexually explicit entertainment should not occur in premises licensed to sell liquor by the drink is an irrational one, we hold that the ordinance does not on its face violate the first or fourteenth amendments to the Federal Constitution.

Therefore we find that the district court properly granted appellees' cross-motion for summary judgment because there were no genuine issues of material fact before the court; and under the authority of *California v. LaRue, supra,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 and *Paladino v. City of Omaha, supra,* 471 F.2d 812, appellees were entitled to judgment in their favor as a matter of law.

The judgment of the district court is affirmed.