SCHNEIDER *v.* RUSK, SECRETARY OF STATE.

No. 251. Decided February 18, 1963.

*Milton V. Freeman, Robert E. Herzstein, Horst Kurnick* and *Charles A. Reich* for petitioner.

*Solicitor General Cox, Assistant Attorney General Miller, J. William Doolittle, Beatrice Rosenberg* and *J. F. Bishop* for respondent.

*Jack Wasserman, David Carliner* and *Melvin L. Wulf* for the American Civil Liberties Union, as *amicus curiae.*

PER CURIAM.

Trial of this case should have been before a three-judge District Court convened pursuant to 28 U. S. C. §§ 2282, 2284, as petitioner requested. Her complaint explicitly sought an "injunction restraining the enforcement, operation or execution of . . . [an] Act of Congress"—§ 352 (a)(1) of the Immigration and Nationality Act of 1952, 8 U. S. C. § 1484 (a)(1), which provides that a natural-

ized American citizen shall lose his nationality by "having a continuous residence for three years in the territory of a foreign state of which he was formerly a national or in which the place of his birth is situated . . . ." The District Court concluded that petitioner's complaint presented no substantial constitutional issue and denied petitioner's motion to convene a three-judge court, relying on *Lapides* v. *Clark,* 85 U. S. App. D. C. 101, 176 F. 2d 619 (1949), cert. denied, 338 U. S. 860, in which the Court of Appeals for the District of Columbia Circuit had directly upheld the predecessor of a companion provision, § 352 (a)(2) of the 1952 Act, 8 U. S. C. § 1484 (a)(2), which deprived the naturalized American of his citizenship for residing for five years in any foreign state. The Court of Appeals' *per curiam* affirmance was also based on *Lapides.* Although no view is here intimated as to the merits of the constitutional question in the present case, we disagree with the conclusion of the courts below as to the substantiality of that issue. The intervening decisions of this Court in *Perez* v. *Brownell,* 356 U. S. 44, and *Trop* v. *Dulles,* 356 U. S. 86, reveal that the constitutional questions involving deprivation of nationality which were presented to the district judge were not plainly insubstantial. The single-judge District Court was therefore powerless to dismiss the action on the merits, and should have convened a three-judge court. *Ex parte Northern Pac. R. Co.,* 280 U. S. 142, 144; *Stratton* v. *St. Louis S. W. R. Co.,* 282 U. S. 10, 15; *Ex parte Poresky,* 290 U. S. 30; *Idlewild Bon Voyage Liquor Corp.* v. *Epstein,* 370 U. S. 713. The judgments below are vacated and the case is remanded to the District Court for expeditious action consistent with the views here expressed.

*So ordered.*