Joseph K. TAUSSIG, Jr., Plaintiff,

v.

Robert S. McNAMARA, Secretary of Defense, Fred Korth, Secretary of the Navy, Robert F. Kennedy, Attorney General of the United States.

Civ. A. No. 167–63.

United States District Court
District of Columbia.

June 7, 1963.

758

Joseph K. Taussig, Jr., Washington, D. C.

David C. Acheson, U. S. Atty., Charles T. Duncan, Principal Asst. U. S. Atty., Joseph M. Hannon, Arnold T. Aikens, Asst. U. S. Attys., for defendant.

YOUNGDAHL, District Judge.

Plaintiff is a regular retired officer of the United States Navy. He receives pay, but is not on active duty. He alleges that he is currently self-employed as a government business management consultant and industrial representative in Washington, D. C., representing clients who have the "general desire" to sell to various government departments, including the Department of the Navy.

Plaintiff filed an action against the Secretaries of Defense and Navy, and the Attorney General, for declaratory judgment, alleging the unconstitutionality of certain acts of Congress and the illegality of certain regulations of the Secretary of the Navy. At the time he filed his complaint, plaintiff also filed a motion to have his case heard by a special three-judge court pursuant to 28 U.S.C. § 2282.[1] The defendants opposed the motion for a three-judge court on the ground that plaintiff had failed to apply for an interlocutory or permanent injunction to restrain the enforcement of an Act of Congress. 28 U.S.C. § 2282, supra. Plaintiff then amended his complaint to request a preliminary injunction restraining defendants in several respects, only one of which is relevant to the present motion for a three-judge court since only that one requests an "injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution * * *." 28 U.S.C. § 2282.[2] Thus for purposes of considering the jurisdiction of a three-judge court, the plaintiff seeks a preliminary injunction against defendants:

"Restraining them from taking any action against the plaintiff during the adjudication of this action under color of their authority to administer the sanctions included in Section 281 of title 18 of the United States Code (insofar as the defendant Robert F. Kennedy is concerned), or under Section 802(4) of title 18 [sic. title 10?] of the United States Code, and the attendant sections of the same Chapter which includes this Section under the general title of the 'Uniform Code of Military Justice.'"

The alleged basis for this injunction is stated as follows in the plaintiff's original complaint:

"B. That Section 281 of title 18 of the United States Code is Unconstitutional

1. "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title." 28 U.S.C. § 2282.

2. The other respects in which plaintiff seeks to enjoin defendants concern administrative orders, actions, and regulations, which cannot support the jurisdiction of a three-judge court convened for purposes of a suit seeking injunctive relief of the kind specified in 28 U.S.C. § 2282, supra, n. 1. See William Jameson & Co. v. Morgenthau, 307 U.S. 171, 59 S.Ct. 804, 83 L.Ed. 1189 (1939).

on its face as it fails to allege an offense with sufficient particularity to warn plaintiff of exactly what the United States forbids and what it allows, and utterly fails to provide any element of *mens rea* generally expected in a *mala prohibita* criminal statute.

\*   \*   \*   \*   \*   \*

"D. That the clause in Article 2 of the Uniform Code of Military Justice subjecting him to the jurisdiction of the Code (Section 802(4) of title 10 of the United States Code) is unconstitutional as it discriminates against some retired officers of the armed services receiving pay, and does not apply to other retired officers of the armed services receiving pay.

\*   \*   \*   \*   \*

"F. That the existence of Section 5r [sic. 30r?] (c) and (d) of title 5 of the United States Code, by its operation as a matter of law, nullifies Section 281 of title 18 of the United States Code; \* \*

and Section 802(4) of title 10 of the United States Code, by providing a statutory means whereby a large group of retired officers of the armed services receiving pay are given privileges, benefits, protection, rights, and guarantees in pursuing their legitimate civilian occupations which are denied to other retired officers of the armed services receiving pay."

These, then, are the only grounds which must be considered to decide the jurisdiction of a three-judge court pursuant to 28 U.S.C. § 2282: (1) whether 18 U.S.C. § 281 is unconstitutional for vagueness or for failing to require any element of *mens rea;* and (2) whether 18 U.S.C. § 281 and 10 U.S.C. § 802(4) are unconstitutional for distinguishing between regular retired officers and reserve retired officers.[3]

Not every alleged claim of statutory unconstitutionality, however, will support the jurisdiction of a three-judge

---

3. Plaintiff has alleged an additional ground which is so general as not to conform to the specificity required by Rule 8 of the Federal Rules of Civil Procedure: "Plaintiff denies the Constitutional authority apparently exercised by the Congress in the premise." Presumably in support of this contention, plaintiff's complaint further avers: "18. To plaintiff's best knowledge and belief, 'retirement' in any form from the armed services of the United States is purely a creature of statute, unknown in our jurisprudence until the early 1860's, and hence, obviously not a subject specifically contemplated by our Founding Fathers who drafted the Constitution. 19. In this light, any exercise of statutory authority by the Congress in the premise should be weighed against whatever 'evidence' exists in the Constitution; and such evidence indicates an Unconstitutional exercise of authority in that the 'Militia' of Constitutional days, though no longer technically existing, was specifically protected from the so-called military laws when not serving on active duty, as were by obvious implication, all other citizens who were not actively serving in or with the armed services." Plaintiff here seems to contend that Congress has no constitutional power to bring *any* retired members of the Armed Services under the jurisdiction

of military law; if this is plaintiff's contention, such a sweeping claim of unconstitutionality is conclusively refuted by existing case law. Closson v. United States ex rel. Armes, 7 App.D.C. 460, 470–471 (1896); United States ex rel. Pasela v. Fenno, 167 F.2d 593 (2d Cir., 1948), cert. dismissed, 335 U.S. 806, 69 S.Ct. 29, 93 L.Ed. 363 (1948); Hooper v. Hartman, 163 F.Supp. 437, 442 (D. Cal.1958), aff'd 274 F.2d 429 (9th Cir., 1959); Chambers v. Russell, 192 F.Supp. 425, 428 (D.Cal.1961).

Plaintiff also alleged, in his original complaint, that the interrelation of a number of different statutes makes the two challenged statutes "nullities." However, since such possible relationships among statutes obviously raise questions requiring statutory, rather than constitutional, interpretation, (particularly since this Court finds the two disputed statutes constitutional on their face) such claims cannot support the jurisdiction of a three-judge court. "If no more than a question of construction of a federal statute [is] involved, there [is] no necessity for a three-judge court \* \* \*." Query v. United States, 316 U.S. 486, 488, 62 S.Ct. 1122, 1123, 86 L.Ed. 1616 (1942). To the extent that the claimed interrelationship allegedly violates the due process clause, such claim is plainly insubstantial.

court. If such a claim is "plainly insubstantial," then jurisdiction lies with a single-judge district court, rather than with a three-judge court. Schneider v. Rusk, 372 U.S. 224, 225, 83 S.Ct. 621, 9 L.Ed.2d 695 (1963). This Court must, therefore, make a preliminary determination of the substantiality of the constitutional claims raised by the plaintiff.

1. The disputed portions of 18 U.S.C. § 281 read as follows:

"Whoever, being [an] officer or employee of the United States or any department or agency thereof, directly or indirectly receives or agrees to receive, any compensation for any services rendered or to be rendered, either by himself or another, in relation to any proceeding, contract, claim, controversy, charge, accusation, arrest, or other matter in which the United States is a party or directly or indirectly interested, before any department, agency, court martial, officer, or any civil, military, or naval commission, shall be fined not more than $10,000 or imprisoned not more than two years, or both; and shall be incapable of holding any office of honor, trust, or profit under the United States.

"Retired officers of the armed forces of the United States, while not on active duty, shall not by reason of their status as such be subject to the provisions. of this section. *Nothing herein shall be construed to allow any retired officer to represent any person in the sale of anything to the Government through the department in whose service he holds a retired status.*" (Emphasis added.)[4]

■ As to his claim that this statute is unconstitutionally vague, plaintiff at the oral argument contended that the word "sale" was so ambiguous as to make the statute unconstitutional. Neither that word, however, nor the word "represent," nor any other language in the last sentence above quoted is impermissibly vague. In view of "the 'influence peddling' at which § 281 was aimed," Public Utility Dist. No. 1 v. Federal Power Comm'n, 113 U.S.App.D.C. 363, 366, 308 F.2d 318, 321, the statute can be given a reasonable construction in particular factual contexts. A "sale" to the Department of the Navy is a reasonably clear event. See United States v. Gillilan, 2 Cir., 288 F.2d 796 (1961). The statute on its face is precise enough to put plaintiff and others on notice of the area of proscribed conduct.

"A criminal statute must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the judge in its application and the lawyer in defending one charged with its violation. But few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of Government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded. Nor is it unfair to require that one who deliberately goes perilously close to any area of proscribed conduct shall take the risk that he may cross the line." Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 340, 72 S.Ct. 329, 330, 96 L.Ed. 367 (1952).

It is therefore "plainly insubstantial" to suggest that this statute is unconstitutional for vagueness.

■■ Nor is the statute unconstitutional for failing, on its face, to require

---

4. The above statutory provisions were repealed under a general reformulation of laws relating to bribery, graft, and conflicts of interest, "except as they may apply to retired officers of the armed forces of the United States." P.L. 87–849, 87th Cong., 2d Sess., Sec. 2 (1962). "[T]he net result of * * * this partial repeal is to leave the present status of retired officers under title 18, United States Code, [section] 281 * * * unchanged." .S.Rep. No. 2213, 87th Cong., 2d Sess. (1962), U.S.Code Cong. & Adm. News, pp. 3852, 3861 (1962).

any element of *mens rea* or *scienter.* "[T]he recent trend in the interpretation of federal criminal statutes has been to discover by implication a requirement of scienter, where there is no reason to suppose that the Congress, by deliberate choice, omitted such a requirement." Delaney v. United States, 199 F.2d 107, 117 (1st Cir., 1952). And see Morissette v. United States, 342 U.S. 246, 250–263, 72 S.Ct. 240, 96 L.Ed. 288 (1952). Thus a claim that a statute on its face contains no requirement of *mens rea* or *scienter* is no ground for holding the statute unconstitutional, since such requirement may well be read into the statute by the courts. Indeed, our Court of Appeals has already suggested that a "corrupt or venal motive" may be required to support a conviction under 18 U.S.C. § 281, Public Utility Dist., supra, 113 U.S.App. D.C. at 366, 308 F.2d at 321. This ground for attacking the statute is therefore "plainly insubstantial."

2. Plaintiff cites two ways in which regular retired officers receive different treatment from that accorded reserve retired officers, and contends that these distinctions amount to a deprivation of his right to due process of law.

▇ "[T]he right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within the 'liberty' and 'property' concepts of the Fifth Amendment * * *." Greene v. McElroy, 360 U.S. 474, 492, 79 S.Ct. 1400, 1411, 3 L.Ed.2d 1377 (1959). Nevertheless, different professions can be classified differently by the legislature, and such classifications will be upheld unless they are without a rational basis or are invidiously discriminatory. "Statutes create many classifications which do not deny equal protection; it is only 'invidious discrimination' which offends the Constitution." Ferguson v. Skrupa, 372 U.S. 726, 732, 83 S.Ct. 1028, 1032, 10 L.Ed.2d 93 (1963) (upholding state classification against alleged violation of 14th Amendment). And see Pfeiffer Brewing Co. v. Bowles, 146 F.2d 1006, 1007 (Emer.Ct.App. 1945), cert. denied, 324 U.S. 865, 65 S.Ct. 914, 89 L.Ed. 1421 (1945); Bertelsen v. Cooney, 213 F.2d 275, 277 (5th Cir., 1954); Kendrick v. United States, 99 U.S.App.D.C. 173, 175–176, 238 F.2d 34, 36–37 (1956); and Employing Lithographers, etc. v. National Labor Relations Bd., 301 F.2d 20, 24–26 (5th Cir., 1962), all upholding federal classifications against alleged violation of the 5th Amendment.[5]

▇ Viewed in the light of these standards, it is plainly within the power of Congress to distinguish between the regular and the reserve retired officer so as to forbid the former, 18 U.S.C. § 281, supra, and permit the latter, 5 U.S.C. § 30 r(c), (d),[6] to sell to the department in

---

5. "The Fifth Amendment * * * does not contain an equal protection clause as does the Fourteenth Amendment which applies only to the states. But the concepts of equal protection and due process, both stemming from our American ideal of fairness, are not mutually exclusive. The 'equal protection of the laws' is a more explicit safeguard of prohibited unfairness than 'due process of law,' and, therefore, we do not imply that the two are always interchangeable phrases. But, as this Court has recognized, discrimination may be so unjustifiable as to be violative of due process." Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954). And see Detroit Bank v. United States, 317 U.S. 329, 337–338, 63 S.Ct. 297, 87 L.Ed. 304 (1943).

6. 5 U.S.C. § 30r(c): "* * * Membership in a reserve component of the armed forces or in the National Guard does not prevent a person from practicing his civilian profession or occupation before, or in connection with, any department of the United States." 5 U.S.C. § 30r (d): "When he is not on active duty, or when he is on active duty for training, a Reserve is not considered to be an officer or employee of the United States or a person holding an office of trust or profit or discharging any official function under, or in connection with, the United States because of his appointment, oath, or status, or any duties or functions performed or pay or allowances received in that capacity."

whose service he holds a retired status. Congress has here exercised a reasonable judgment that the regular officer has built up during his career in the Armed Forces many more contacts with persons who negotiate contracts for his department than has the reserve officer, who made no career out of his military service and whose length of service is generally much shorter than the careerist. The purpose of this Congressional distinction, exercised in a rational and fair manner, on the legitimate legislative subject of "influence peddling," was to restate "as a positive rule of law [the] express * * rights of reserves and members of the National Guard with respect to civilian employment." H.R.Rep. No. 970, 84th Cong., 1st Sess. 783 (1955). It is "plainly insubstantial" to contend that this distinction is unconnected with a rational legislative purpose, is invidiously discriminatory, or violates the due process clause of the 5th Amendment in any other way.

■ Similarly insubstantial is the claim that it is invidiously discriminatory to subject the regular retired officer to the provisions of the Uniform Code of Military Justice, 10 U.S.C. § 802(4), while providing that only those retired reservists who "are receiving hospitalization from an armed force" are also subject to the provisions of the Code, 10 U.S.C. § 802(5). It is plainly for Congress to decide which categories of retired members of the Armed Forces should be subject to the Code. There is clearly a rational distinction between the careerist, who is subject to recall at any time during war or national emergency, see 10 U.S.C. § 6481 (applying to retired officers of the regular Navy and Marine Corps) and the reservist, who is subject to recall only as a second-line of manpower, see 10 U.S.C. § 672(a). In view of the repeated applications of 10 U.S.C. § 802 (4) to regular retired officers, see note 3, supra, this Court is in no position to say that the determination by Congress that retired reserve officers (unless hospitalized as noted above) shall not be subject to the Code is anything but completely proper.

The motion of the plaintiff for a three-judge court will therefore be denied. This Court is indicating no opinion as to the other claims of plaintiff dealing with alleged illegal and unconstitutional methods by which 18 U.S.C. § 281 is being administered. Nor is the Court indicating its opinion as to the serious questions of standing which the defendants have raised against the justiciability of the issues which the plaintiff seeks to litigate. The Court has merely indicated that, on the merits, the plaintiff's claims that 18 U.S.C. § 281 and 10 U.S.C. § 802(4) are unconstitutional on their face are so plainly insubstantial as not to warrant the convening of a three-judge court pursuant to 28 U.S.C. § 2282.

Plaintiff's motion for a three-judge court will therefore be denied.