Nicholas IACONA, and others Similarly Situated, and the Defender Association of Philadelphia,

v.

UNITED STATES of America et al.

Civ. A. No. 72-271.

United States District Court,
E. D. Pennsylvania.

May 10, 1972.

The Defender Association of Philadelphia, by Harry S. Tischler, Philadelphia, Pa., for plaintiff.

The Philadelphia Force of the United States Justice Dept. Strike Force against Organized Crime and Racketeering, by Raymond Makowski, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

Nicholas Iacona stands indicted for violation of 18 U.S.C. § 1955.[1] He is accused of engaging in certain gambling activities in violation of the terms of the statute. He brings this civil action on his own behalf, and on behalf of others similarly situated, to have the Act declared unconstitutional and to enjoin defendants from further enforcement of the Act. The Defender Association of Philadelphia has joined as a Party Plaintiff. It claims standing to bring this action because of the obligation imposed on the Defender Association to represent, by Court Appointment, indigent defendants accused of Federal

---

1. 18 U.S.C. § 1955, provides in pertinent part:

(a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined not more than $20,000 or imprisoned not more than five years, or both.

(b) As used in this section—

(1) "illegal gambling business" means a gambling business which—

(i) is a violation of the law of a State or political subdivision in which it is conducted;

(ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and

(iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day

(2) "gambling" includes but is not limited to pool-selling, bookmaking, maintaining slot machines, roulette wheels or dice tables, and conducting lotteries, policy, bolita or numbers games, or selling chances therein.

(3) "State" means any State in the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

(c) If five or more persons conduct, finance, manage, supervise, direct, or own all or part of a gambling business and such business operates for two or more successive days, then, for the purpose of obtaining warrants for arrests, interceptions, and other searches and seizures, probable cause that the business receives gross revenue in excess of $2,000 in single day shall be deemed to have been established.

criminal violations. The Defender Association alleges it represents Mr. Iacona in the related criminal action and also represents "numerous other persons charged with violation of the Act." The Defender Association anticipates that it will be appointed to represent numerous other indigent defendants indicted under the Act, unless enforcement of the Act is enjoined. The named defendants are charged with enforcement of the Act.

Plaintiffs recognize that 28 U.S.C. § 2282 prohibits a single district judge from restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States and that an injunction may be granted only by a Three-Judge District Court convened in accordance with 28 U.S.C. § 2284. Plaintiffs' motion to convene a Three-Judge District Court is presently before the court, and for the reasons hereinafter set forth, the motion is denied.

The relevant allegations of the complaint may be summarized as follows:

(a) Numerous individuals, including plaintiff Iacona, are being indicted for alleged violations of 18 U.S.C. § 1955, resulting in "substantial inconvenience, expense, and harm to plaintiff and others similarly situated".

(b) The Defender Association is being appointed to represent indigent defendants charged with violations of the Act, and because of the volume of criminal representation undertaken by the Defender Association, it is expending "considerable amounts of its limited resources defending such actions".

(c) That Congress in enacting 18 U.S.C. § 1955 did not require a judicial determination that the alleged gambling activities of defendants affect interstate commerce, and that Congress has substituted a Congressional finding that gambling activity as defined in the Act does affect interstate commerce; thus defendants may be prosecuted for intrastate gambling. Plaintiffs allege that the Act which does not require proof of an effect on interstate commerce is "in violation of Article 1, § 8, Cl. 3 of the Federal Constitution and the Tenth Amendment giving Congress and Federal law jurisdiction over matters involving interstate commerce and reserving to the states those powers not specifically delegated to the United States by the Constitution". Plaintiffs also claim that in so legislating Congress has "effectively amended the Constitution in a manner contrary to that provided in Article V of the Constitution".

(d) That "all of the prosecutions in the Eastern District of Pennsylvania involve the use of wire taps to establish violations of state law". The argument is that only when there is a violation of the state law can there be a violation of the federal law, under 18 U.S.C. § 1955. It is also alleged that the Commonwealth of Pennsylvania has established a public policy in Pennsylvania which prohibits wire taps and that the means of prosecuting by use of wire taps invades "privacy rights and First Amendment rights" of Pennsylvania citizens and has a "chilling effect on the exercise of the privacy rights and First Amendment rights".

(e) That because the federal law requires a violation of the state law, it unconstitutionally subjects the accused to possible prosecution by both federal and state authorities. Also, plaintiffs contend, if such dual prosecutions occur, a criminal defendant's plea or testimony in one prosecution may be used in the second prosecution and violate the accused's privilege against self-incrimination. Plaintiffs also contend that the possibility of dual prosecution and self-incrimination deprives the accused of due process rights.

■■ We recognize that the mere allegation of a constitutional question does not in itself establish a substantial constitutional question, requiring the convening of a Three-Judge District Court; however, the single district court judge

may not decide the merits of the constitutional challenge but must leave that to the Three-Judge Court if convened. However, the single district judge must first decide if the constitutional question presented is substantial or "plainly unsubstantial." A question is "plainly unsubstantial" when it is "obviously without merit, or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy". Levering and Garriques Co. v. Morrin, 289 U.S. 103, 105, 53 S. Ct. 549, 550, 77 L.Ed. 1062; Schneider v. Rusk, 372 U.S. 224, 83 S.Ct. 621, 9 L. Ed.2d 695 (1963); Majuri v. United States, 431 F.2d 469 (3rd Cir. 1970); Keiser v. Bell, 332 F.Supp. 608 (D.C. 1971).

█ Defendants contend that the questions here presented are unsubstantial because numerous district courts and two Courts of Appeals have upheld the constitutionality of the Act.

The cases cited by defendants as controlling may constitute impressive authority in considering the merits of the constitutional questions; however, at this stage of the proceeding, we do not consider the merits, and the cases cited by defendants are not completely analogous and do not render the constitutional questions raised "plainly unsubstantial".

Also, defendants cite Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971) as authority for the power of Congress to regulate intrastate activity, after a Congressional finding that the class of activity is within reach of federal power under the commerce clause. (In Perez, "loansharking").

Perez v. United States, supra, does not render the questions here involved unsubstantial because there remains a question concerning the scope of the decision. United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) indicates that a finding of Congress that

a class of activities affects interstate commerce may in fact raise a substantial question notwithstanding Perez v. United States. In United States v. Bass, supra, the Supreme Court construed an Act of Congress, 18 U.S.C. App. § 1202(a) as requiring a finding at the trial of the accused that a firearm had been connected with interstate commerce. The following statement in the Opinion of the Court, written by Mr. Justice Marshall, raises a substantial question as to the scope of Perez v. United States.

"In light of our disposition of the case, we do not reach the question whether, upon appropriate findings, Congress can constitutionally punish the "mere possession" of firearms; thus, we need not consider the relevance, in that connection, of our recent decision in Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971)."

In United States v. Bass, Mr. Justice Blackman, with whom, the Chief Justice joined in a dissenting opinion expressed the view "that the Court should move on and decide the constitutional issue present in this case."

█ Clearly, a constitutional question is not "plainly unsubstantial" where an intervening decision of the Supreme Court, indicates that a question remains as to the scope of a prior decision. Schneider v. Rusk, 372 U.S. 224, 83 S.Ct. 621, 9 L.Ed.2d 695 (1963).

█ For the above reasons, we find that the constitutional questions raised by plaintiffs are not "plainly unsubstantial". Having found that a substantial constitutional question is raised by the complaint, we must now consider if there is a basis for the equitable relief requested, the enjoining of the enforcement of the Act.

█ Where an adequate remedy at law exists, equitable relief will not be granted. It has been held that a person indicted for violation of a federal criminal statute has an adequate remedy at law if the constitutional question may be

raised as a defense to one's criminal prosecution. Majuri v. United States et al., 431 F.2d 469 (3rd Cir.1970), Cert. Denied, 400 U.S. 943, 91 S.Ct. 245, 27 L.Ed.2d 248 (Dec. 7, 1970). New Orleans Book Mark, Inc. v. Mitchell, 318 F. Supp. 352 (D.C.Fla.1970), Affirmed, 401 U.S. 968, 91 S.Ct. 1199, 28 L.Ed.2d 319 (1970).

■ Majuri v. United States, supra, involved intrastate "loansharking" in violation of 18 U.S.C. §§ 891, 892, 894. The allegations in plaintiff's complaint and motion for convening of a Three-Judge District Court in Majuri and in the instant case are practically identical. In both cases, plaintiff, indicted for violation of a federal statute sought to have the statute declared unconstitutional and its enforcement enjoined on the theory that Congress lacked the power to make criminal what had theretofore been activities traditionally reserved to the police power of the individual states. Both the New Orleans Book Mark case and the Majuri case decided that a Three-Judge District Court should not enjoin the enforcement of criminal statutes where the substantive allegations of the complaint do not support the formal allegations of irreparable harm. Similarly, a Three-Judge Court should not be convened where the plaintiff has an adequate remedy at law by interposing the alleged constitutional violations as a defense in the criminal action.

■ We note that plaintiff in the instant case has alleged, as Majuri did not, that the means of obtaining evidence by use of wiretaps subjects plaintiff and others similarly situated to a "chilling effect in the protection and exercise of First Amendment and privacy rights". In the context of the allegations of the complaint, we do not deem that an alle-

gation of bad faith prosecution or harrassment is sufficiently stated to justify equitable relief under Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). In fact, the allegation concerning violation of "First Amendment and Privacy Rights" does not relate to the constitutionality of the gambling statute, but relates solely to the means of obtaining evidence under the wiretap statute.

■ It is clear, as to plaintiff, Iacona, and others similarly situated, any violations of federally protected rights can be remedied by their interposition at time of trial as defenses to the criminal prosecution. This case is certainly within the ambit of Majuri and New Orleans Book Mark, supra.

■ Finally, plaintiff Defender Association of Philadelphia, has raised an additional objection. It alleges that it is overburdened by the many prosecutions, pending and threatened, under the Act. At the oral argument of the motion to convene a Three-Judge Court, the Defender Association indicated a fear that some defendants who are innocent may find it necessary to plead guilty because of the burden and pressures under which the Defender Association is operating. This allegation does not provide a basis for equitable relief; the Defender Association may at any time decline an appointment, and should decline to accept an appointment if the Association is not in a position to properly defend the action. There is an alternative; private counsel may be appointed under the Criminal Justice Act to represent the indigent accused. Clearly, plaintiffs have an adequate remedy at law and are not entitled to equitable relief.

For the reasons set forth above, the motion to empanel a Three-Judge Court is denied.