HOLIDAY MAGIC, INC., a foreign corporation, et al., Plaintiffs-Appellants,

v.

Robert W. WARREN et al., Defendants-Appellees.

No. 73–1511.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 23, 1974.

Decided May 20, 1974.

David L. Walther, Milwaukee, Wis., for plaintiffs-appellants.

Robert W. Warren, Atty. Gen., Bruce A. Craig, Asst. Atty. Gen., Madison, Wis., and E. Michael McCann, Milwaukee, Wis., for defendants-appellees.

Before SWYGERT, Chief Judge, PELL, Circuit Judge, and PERRY, Senior District Judge.*

PERRY, Senior District Judge.

In this appeal, plaintiffs-appellants seek a review of the refusal by a district judge to request the convening of a three-judge court and of the dismissal of their complaint for lack of jurisdiction.

The complaint attacks Ag 122, a general order of the Wisconsin Department of Agriculture ("regulation"), which prohibits chain distributor schemes as an unfair trade practice. Plaintiff corporations allege they were charged in Wisconsin state court actions with "promoting" such schemes in violation of the regulation. Joined by the individual plaintiff, they then brought suit in the United States District Court for the Eastern District of Wisconsin to enjoin

* Senior District Judge Joseph Sam Perry of the Northern District of Illinois is sitting by designation.

the enforcement of the state regulation and to have it declared unconstitutional. Plaintiffs contend, that "promotion" necessarily involves some protected speech and, among other things, that the regulation is overbroad and sweeps into constitutionally protected areas of free speech and association, thereby violating plaintiffs' First and Fourteenth Amendment rights. They argue their constitutional claims present a substantial constitutional question requiring the convening of a three-judge court.

Defendant state officials opposed plaintiffs' request for the convocation of a three-judge panel and moved to dismiss the complaint. The District Court judge in an Opinion and Order concluded the plaintiffs' constitutional claims were insubstantial and that he, therefore, was prohibited from requesting the convening of a three-judge court and was required to dismiss the complaint for lack of jurisdiction.

█ This court has jurisdiction to review the action of a one-man district court in dismissing a complaint instead of taking steps to convene a three-judge court. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Schackman v. Arnebergh, 387 U.S. 427, 87 S.Ct. 1622, 18 L.Ed.2d 865 (1967); Money v. Swank, 432 F.2d 1140 (7th Cir. 1970); Hargrave v. McKinney, 413 F.2d 320 (5th Cir. 1969); see also C. Wright, The Law of Federal Courts (2nd ed. 1970) at 193 and D. Currie, Appellate Review of the Decision Whether or Not to Empanel a Three-Judge Federal Court. 37 U.Chi.L.Rev. (1969–70).

█ Although we can review, the question before this court is a narrow one. The constitutionality of the state regulation is not before this court. Nor should this court consider the facts and circumstances which surround appellants' efforts to promote chain distributorships, nor the alleged violations of the state regulation. If the federal claims are substantial, the issues and the merits are for consideration by a

three-judge panel and this court does not express any opinion as to the ultimate resolution of the issues. Although this court is precluded from reviewing on the merits, it is not "powerless" to give guidance. *Idlewild, supra,* citing Stratton v. St. Louis S. W. Ry., 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135. Our function is to review the allegations of the complaint to determine whether a substantial federal constitutional question is presented and whether there is a question fairly open to debate which would entitle plaintiffs to the three-judge relief requested.

The case at bar came on upon a motion for a temporary restraining order, which the district judge denied. He then set a briefing schedule and the motions for the convening of a three-judge court and to dismiss were argued together in the court below.

The district judge in his opinion held, in effect, that Ag 122 was not unconstitutional, did not violate freedom of speech, was not void for vagueness, did not constitute undue burden on interstate commerce, did not intrude into an area preempted by the federal government, did not impair the obligation of contract, did not violate an individual's right to work and did not result in discriminatory enforcement.

█ Although he found there was not a substantial constitutional question raised, by the scope of his opinion he went to the merits and in effect entered a declaratory judgment. By such an opinion and his dismissal of plaintiffs' cause there is inescapably a determination by him that the regulation here in question is constitutionally valid and a determination as to injunctive relief. If federal jurisdiction exists he exceeded his authority. We find here it does exist and thus the single judge erred in holding that a three-judge court was not required and "erroneously invaded" the province of a three-judge court. We, therefore, are directing a three-judge court be convened to consider this litigation. Ex parte Northern Pac. R. Co., 280 U.S. 142, 144, 50 S.Ct. 70, 74 L.Ed.

233 (1929); Stratton v. St. Louis S. W. R. Co., 282 U.S. 10, 15, 51 S.Ct. 8, 75 L. Ed. 135 (1930); *Idlewild, supra*; Schneider v. Rusk, 372 U.S. 224, 225, 83 S.Ct. 621, 9 L.Ed.2d 695 (1963).

■ For his authority to dismiss the single judge relied on Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). In *Poresky*, at page 32, the Supreme Court said:

> The existence of a substantial question of constitutionality must be determined by the allegations of the bill of complaint. Mosher v. City of Phoenix, 287 U.S. 29, 30, 53 S.Ct. 67, 77 L.Ed. 148; Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062. The question may be plainly unsubstantial, either because it is "obviously without merit" or because "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy." Levering & Garrigues Co. v. Morrin, *supra*; Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288, 30 S. Ct. 326, 54 L.Ed. 482; McGilvra v. Ross, 215 U.S. 70, 80, 30 S.Ct. 27, 54 L.Ed. 95.

While it is appropriate that a single District Judge to whom application is made for an interlocutory injunction restraining the enforcement of a state statute should carefully scrutinize the bill of complaint to ascertain whether a substantial question is presented, to the end that the complainant should not be denied opportunity to be heard in the prescribed manner upon a question that is fairly open to debate, the District Judge clearly has authority to dismiss for the want of jurisdiction when the question lacks the necessary substance and no other ground of jurisdiction appears . . . .

Section 2281 of Title 28 U.S.C., provides:

> An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

It calls for the collective judgment of three judges when a plaintiff seeks upon constitutional grounds to enjoin the enforcement of state statutes by state officers or of orders by administrative bodies acting under state statutes. See § 52, 1 Barron & Holtzoff, Federal Practice and Procedure at 277 (Rules Ed. 1960). The purpose of the requirement for the hearing of the application for injunction is to prevent the improvident invalidation of state legislation by the action of a single judge. Moody v. Flowers, 387 U.S. 97, 101, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967).

Under the original three-judge act of 1910 all applications for interlocutory injunctions restraining the enforcement of allegedly unconstitutional statutes had to be "heard and determined" by a three-judge court. Early cases, such as Ex parte Metropolitan Water Co. of West Virginia, 220 U.S. 539, 31 S.Ct. 600, 55 L.Ed. 575 (1911), and Ex parte Northern Pac. R. Co., 280 U.S. 142, 50 S.Ct. 70, 74 L.Ed. 233 (1929), held that a single judge could not dismiss on the merits when such injunctive relief was sought.

However, in several decisions which followed, the Supreme Court held a single judge did, indeed, possess certain discretionary powers. Thus, in a 1933 case, *Poresky, supra*, the Supreme Court held that under § 266, the predecessor of Title 28 U.S.C. § 2281, a single judge could dismiss for want of jurisdiction and that jurisdiction was lacking if the constitutional question raised was insubstantial. In a 1938 decision, California

Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323, the Supreme Court held that lack of substantiality in a federal question "may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject".

In 1942 the three-judge statute was amended and one of the provisions then added (now codified as 28 U.S.C. § 2284(5)) states that a single judge "shall not . . . hear and determine any application for an interlocutory injunction or motion to vacate the same, or dismiss the action, or enter a summary or final judgment". The language itself seems to suggest that it was intended to overrule the *Poresky* doctrine. However, some courts continued to follow the holding in *Poresky*, apparently without express reference to the 1942 amendment. See *e. g.,* Eastern States Petroleum Corp. v. Rogers, 105 U.S. App.D.C. 219, 265 F.2d 593, 595–597, mandamus den., 361 U.S. 805, 80 S.Ct. 93, 4 L.Ed.2d 56 (1959); Carrigan v. Sunland-Tujunga Telephone Company, 263 F.2d 568 (9th Cir. 1959). In a 1962 case, Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512, the Supreme Court approved the converse doctrine to that in *Poresky* and held that a single judge may not convene a three-judge court when the defense of constitutionality is frivolous.

In a later 1962 case, *Idlewild, supra,* the Supreme Court set forth what appears to be the present limits on a single judge's power when application is made to him for a three-judge court:

When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute.

The Court there went on to say that if those criteria are met it is "impermissible for a single judge to decide the merits of the case, either by granting or by withholding relief". Since our jurisdiction is no greater than that of the district judge, we too must look to the allegations of the complaint and at the regulation challenged.

The state regulation in question here was issued by the Wisconsin Department of Agriculture pursuant to authority vested in the Department of Agriculture by § 100.20 of the Wisconsin statutes.[1]

It provides:

Ag 122.01 Unfair trade practice. The promotional use of a chain distributor scheme in connection with the solicitation of business investments from members of the public is an unfair trade practice under section 100.-20, Wis.Stats. When so used the scheme serves as a lure to improvident and uneconomical investment. Many small investors lack commercial expertise and anticipate unrealistic profits through use of the chance to further perpetuate a chain of distributors, without regard to actual market conditions affecting further distribution and sale of the property purchased by them or its market acceptance by final users or consumers. Substantial economic losses to participating distributors have occurred and will inevitably

---

1. Section 100.20 of the Wisconsin statutes provides in part: "Methods of competition and trade practices. (1) Methods of competition in business and trade practices in business shall be fair. Unfair methods of competition in business and unfair trade practices in business are hereby prohibited. (2) The department, after public hearing, may issue general orders forbidding methods of competition in business or trade practices in business which are determined by the department to be unfair. * * * (6) The department may commence an action in circuit court in the name of the state to restrain by temporary or permanent injunction the violation of any order issued under this section. * * *"

occur by reason of their reliance on perpetuation of the chain distributor scheme as a source of profit.

Ag 122.02 Definitions. (1) "chain distributor scheme" is a sales device whereby a person, upon a condition that he make an investment, is granted a license or right to recruit for profit one or more additional persons who also are granted such license or right upon condition of making an investment and may further perpetuate the chain of persons who are granted such license or right upon such conditions. A limitation as to the number of persons who may participate, or the presence of additional conditions effecting eligibility for the above license or right to recruit or the receipt of profits therefrom, does not change the identity of the scheme as a chain distributor scheme.

(2) "Investment" is any acquisition, for a consideration other than personal services of personal property, tangible or intangible, for profit or business purposes, and includes, without limitation, franchises, business opportunities and services. It does not include real estate, securities registered under chapter 551, Wis.Stats., or sales demonstration equipment and materials furnished at cost for use in making sales and not for resale.

(3) "Person" includes partnerships, corporations and associations.

Ag 122.03 Prohibition. No person shall promote, offer or grant participation in a chain distributor scheme.

Ag 122.04 Statutory exemption. This chapter does not apply to banks, savings and loan associations, insurance companies and public utilities to the extent exempted from department regulations under section 93.01(13), Wis.Stats.

Persons violating an order issued under Section 100.20 are subject to a fine of not less than $25 nor more than $5,000 and to imprisonment of not more than one year. Wis.Stats. § 100.26(3). Violating an injunction issued pursuant to § 100.20(6) subjects a person to a civil forfeiture of not less than $100 nor more than $10,000. Wis.Stats. § 100.-26(6).

The legality of Ag 122 has been tested and its constitutionality upheld by the Wisconsin Supreme Court in HM Distributors of Milwaukee, Inc. v. Dept. of Agr., 55 Wis.2d 261, 198 N.W.2d 598. Plaintiffs in their "statement of facts" before this court state: "Defendants herein have charged plaintiffs, *inter alia*, with 'promoting' a chain distributor scheme. Actions have been commenced by defendants herein both to restrain such promotion, among other things, by such plaintiffs, and to criminally prosecute others for such promotion." Defendants state: "All appellants, with the exception of Dale A. Schmidt, have been civilly charged with violations of Ch. Ag 122. Appellant Golden Products has been found in violation of Ch. Ag 122 in State v. Golden Products, Circuit Court, Walworth County, Case No. 16887. Cases against the other two appellants are pending." It also appears from the record that appellant Holiday Magic, Inc. has been charged before the Federal Trade Commission with alleged unfair trade practices. In the Matter of Holiday Magic, Inc. William Penn Patrick, individually and as Chairman of the Board of Directors of Holiday Magic, Inc., and individually, and Fred Pape and Janet Gillespie, individually, Federal Trade Commission, Docket No. 8834.

Plaintiffs allege their action arises under the Constitution of the United States, Article I, Sections 8 and 10; the First, Fifth and Fourteenth Amendments to the Constitution and Title 42 U.S.C. § 1983. Plaintiff corporations allege they are essential parties to the action because the enforcement of the regulation "greatly affects" their business and marketing plans, "pursued in the normal course of their business in interstate commerce," and that the actions taken to enforce the order "are taken, have been taken, are threatened to be taken" against their distributors and

those marketing their products and that plaintiffs are "thus directly damaged by said action." The individual plaintiff alleges he is a distributor of Holiday Magic products and that his business and marketing plan are greatly affected by the enforcement of the regulation and that actions "are taken, have been taken and are threatened to be taken" against him.[2]

2. The complaint alleges in Claim One that:

9. Upon information and belief that defendants, individually and in concert, have in the past, do presently, and threaten in the future, to deprive plaintiffs herein, their distributors, contractors, vendees, agents, and employees, of rights of plaintiffs herein arising under the laws and Constitution of the United States.

10. That the means used and threatened to be used by defendants are civil and criminal enforcement of general order Ag. 122, Wisconsin Administrative Code, purportedly enacted pursuant to Sec. 100.20, Wis. Stats.; that individuals have, owing to actions of defendants, been prosecuted and convicted in the past of alleged criminal violations of the said order and various other individuals, corporations, and associations including the plaintiffs herein, are presently engaged in defense of alleged violations of said order seeking civil and quasi-criminal penalties and relief, including fines, civil forfeitures, injunctions, restraining orders, temporary injunctions or restraining orders, declaratory relief, etc.; that more actions and enforcement of remedies procured in earlier actions are presently threatened by defendants against plaintiffs, their distributors, contractors, vendees, agents, and employees.

11. That a copy of said Ag. 122 is appended hereto and incorporated herein by reference.

12. Upon information and belief that the plaintiffs herein are by such enforcement and threatened enforcement being denied rights and privileges arising under the laws and Constitution of the United States in the following respects:

(a) That said enforcement and threatened enforcement is a violation of the U. S.Code, Title 42, Sec. 1983;

(b) That said enforcement and threatened enforcement is in restraint of free trade and constitutes an improper and excessive imposition on interstate commerce in violation of Article One, Section 8, of the United States Constitution.

(c) That said enforcement and threatened enforcement has been pre-empted by the jurisdiction of the United States, the Federal Trade Commission, and the Interstate Commerce Commission under laws of the United States, and has been specifically pre-empted as to various defendants by acts of the Federal Trade Commission in enforcements of Federal laws.

(d) That said Ag. 122 constitutes a law interferring with the obligation of contracts, forbidden by the Constitution of the United States, Article One, Sec. 10.

(e) That said enforcement and threatened enforcement of Ag. 122 abridges the freedom of speech, and, more, specifically and in particular, that the imposition of criminal and civil penalties have a chilling affect upon promotion of marketing plans, that promotion constitutes speech within the meaning of the Constitution and that the foregoing constitutes an abridgment of the right of free speech under Amendment One of the Constitution of the United States;

(f) That said enforcement and threatened enforcement constitutes a denial of equal protection of the laws under Amendment Fourteen to the Constitution of the United States.

(g) That said enforcement and threatened enforcement constitutes a violation of the privileges and immunities of the citizens of the United States guaranteed by Amendment Fourteen to the Constituation [sic] [of] the United States, and, further, constitutes a violation of the due process requirements of Amendments Five and Fourteen to the Constitution of the United States, in the following respects:

(1) Ag. 122 is unreasonable, arbitrary and capricious.

(2) Ag. 122 is so vague, arbitrary and uncertain as to prevent one from knowing whether or not his activities are proscribed.

(3) Ag. 122 is not properly a law of the State of Wisconsin, having adopted contrary to the procedures required by the Wisconsin Administrative Procedures Act and in excess of the statutory authority of the Department of Agriculture.

(4) That, even were Ag. 122 capable of construction, which it is not, the present purported application of Ag. 122 threatened or undertaken by defendants would be beyond the scope of prosecution which could be undertaken pursuant to said Ag. 122.

13. That the aforesaid prosecutions are undertaken as vexatious and malicious proceedings designed to put plaintiffs herein out of business in the State of Wisconsin.

14. That no adequate remedy for the foregoing obtains at law.

■■ A complaint should be liberally construed. When a motion to dismiss is made, well pleaded allegations must be taken as admitted. A complaint may be dismissed if clearly without merit but it should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. *See generally,* 2A J. Moore's Federal Practice § 12.08. For Section 2281 to apply, "a state statute or administrative order must be challenged, a state officer must be a party defendant, injunctive relief must be sought, and it must be claimed that the statute or order is contrary to the Constitution of the United States". Wright, Law of Federal Courts, 189 (1970). All of these pleading requirements are alleged in the complaint. It is the fourth of these which is in contention here—the existence of a substantial constitutional issue.

■ The complaint here need only formally allege a basis for equitable relief, *Idlewild, supra;* and jurisdiction, upon the ground of a federal question, is determined by the allegations of the complaint and not by the way the facts turn out or by a decision on the merits.

15. That the plaintiffs herein will all and individually be done irreparable harm by the enforcement of Act. 122 in the following respects:

(a) Loss of business and profits which could not be recaptured.

(b) Loss of monies through penalties, fines, forfeitures, defense of prosecutions, etc.;

(c) Permanent and irreparable loss of public good will and standing in the business community owing to prosecutions;

(d) Accumulation of criminal records on the part of individuals and officers of corporate plaintiffs, time loss serving criminal sentences in penal institutions, and the attendant damage to plaintiffs in terms of money, business, and recruitment of additional individuals and retention of older personnel.

As a second claim, plaintiffs allege:

1. Plaintiffs herein expressly reallege all of the allegations contained in Claim One herein, except those allegations contained in Paragraphs 13, 14 and 15.

2. That, as the foregoing has indicated, an actual controversy of justiciable nature exists between plaintiffs and defendants, involving the rights of plaintiffs arising under the Constitution and laws of the United States hereinbefore alleged.

3. That no court of federal jurisdiction has as of yet addressed the federal questions arising herein.

The prayer for relief in the complaint is as follows:

WHEREFORE, plaintiffs demand judgment against the defendants for a permanent injunction restraining defendants, their agents, servants, employees and attorneys, from:

1. Enforcing, or instituting proceedings under Chapter Ag. 122, Wisconsin Administrative Code, a general order purportedly promulgated pursuant to Sec. 100.20 Wis. Stats., against plaintiffs and their distributors, contractors, vendees, agents, and employees.

2. And, further, enforcing or instituting proceedings of either a criminal or civil nature pursuant to said Ag. 122, and seeking or attempting to procure against said plaintiffs, their distributors, contractors, vendees, agents and employees the imposition or enforcement of fines, civil forfeitures, criminal sentences, injunctions, restraining orders, temporary injunctions or restraining orders, damages, declaratory relief, or any other form of civil or criminal remedy, relief, or judgment.

3. And, further, enforcing or attempting to enforce any of the aforementioned remedies or judgments or further prosecuting or attempting to further prosecute or enforce any and all of the aforementioned remedies or judgments which may be available to defendants in actions commenced prior to the date hereof and/or pursuant to judgments taken or to be taken or orders of court procured or to be procured prior to the date hereof.

And, further, plaintiffs demand:

1. That the court enter a declaratory judgment determining the rights of plaintiffs and defendants under the Constitution of the United States, Article One, Sections 8 and 10; the First, Fifth, and Fourteenth Amendments to the Constitution of the United States; and the U.S. Code, Title 42, Section 1983.

2. That the court enter a declaratory judgment directing defendants to cease and desist from all further prosecution under Ag. 122.

3. That the court award costs and disbursements of this action to plaintiffs herein.

Mosher v. Phoenix, 287 U.S. 29, 30, 53 S.Ct. 67, 77 L.Ed. 148 (1932).

Whether or not plaintiffs can prove such allegations as "irreparable harm" and "chilling affect," they are alleged on the face of the complaint. It is undisputed that plaintiff corporations are being sued for violations of Ag 122 in the state courts and they allege they are "threatened" with further actions. The regulation has been construed by the state's Supreme Court and plaintiffs allege "no adequate remedy . . . obtains at law" and that "no court of federal jurisdiction has as yet addressed the federal question arising herein".

██ A state has the power to regulate business to protect the public interest and defendants argue to this court that the validity and need for Chapter Ag 122 has been "unreservedly upheld" by both the trial court and Wisconsin Supreme Court in the *H. M. Distributors case, supra.* In that case the court found the Agriculture Department's rules are not void for vagueness; that neither the right of a person to make investment nor constitutional freedom of speech was invaded by the Department's rules prohibiting chain distributor schemes as unfair trade practices; and that the right of free speech does not extend to promoting products. Regardless of any personal reactions we may have to the merits of defendants' position here, such a decision alone does not foreclose plaintiffs from challenging the regulation in a federal forum on constitutional grounds and seeking adjudication of their federal claims if they are substantial. First Amendment claims are involved in this case and it has been held that the abstention doctrine is inappropriate where statutes have been justifiably attacked on their face as abridging free expression. Dombrowski v. Pfister, 380 U.S. 479, 489–490, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). As the Supreme Court said in *Zwickler,* a federal court has a duty "to give due respect to a suitor's choice of a federal forum for the hearing and decision of his federal constitutional claims," and federal courts do not have the right to decline the exercise of jurisdiction "simply because the rights asserted may be adjudicated in some other forum". Here as in *Zwickler,* the question of overbreadth is raised. In *Zwickler* it was held a statutory construction by the state courts would not avoid or modify the constitutional question. *Zwickler,* 389 U.S. 241, 248, 249.

Counsel have cited cases here in large volume. The defendants-appellees here have largely relied on the same cases as the single judge in his opinion that the claims of First Amendment protection of commercial speech in the instant case are insubstantial because of an "unbroken line of decisions". Plaintiffs-appellants have argued to this court that the line of decisions is not an unbroken line and that the question raised here is open for future consideration. They argue the case must be decided on its own particular facts and "that when commercial speech has been clearly suppressed unless a very similar situation has been adjudicated, the constitutional claims raise a substantial issue". Plaintiffs contend Ag 122 is "vague, arbitrary and uncertain as to prevent one from knowing whether or not his activities are proscribed". They argue "overbreadth" and that "promotion" necessarily involves some protected speech and that the regulation fails to draw a distinction between mere advocacy and advocacy directed to incite to produce imminent lawless action. They argue that though some chains may be unlawful, there are some limited multi-level marketing systems which are not unlawful and that they seek to promote activity now by the state declared to be unlawful by an overbroad administrative regulation.

██ It appears to this court that the jurisdictional issues in this case are inextricably intertwined with the merits and that there are questions to be aired upon a hearing before a three-judge court. When there are issues fairly open to debate they should be left for develop-

ment in a three-judge hearing and the merits assessed by three judges, not one. Whether or not plaintiffs' activity is illegal and whether the regulation does or does not invade the area of their protected freedoms is not for this court to decide. We cannot decide if plaintiffs' claims are good or bad. Nor are they questions for a single judge.

The single judge's opinion indicates an extensive consideration of the arguments, the merits and a weighing of interests. We acknowledge it is difficult not to go to the merits in determining the jurisdictional issue. We would agree with the statement made by Chief Judge John R. Brown in a Fifth Circuit case that "[i]n this day and time of dynamic expansion of constitutional principles and their application to new and sometimes unheard of situations it takes prescience of a Delphic order to say with certainty" that an attack is insubstantial. Jackson v. Choate, 404 F.2d 910, 913 (5 Cir., 1968). There it was suggested "[i]t is the better course— certainly from an administrative standpoint—to forego the doubts, constitute a 3-Judge Court, and allow that court to determine initially this and the other issues". By referring to the *Jackson* case we are neither approving of nor rejecting the Fifth Circuit's approach of request-unless-no-doubt-at-all. The determination as to whether an issue is substantial does require a legal judgment and often the issue is clear either because the precise issue has been decided or because recent decisions of the Supreme Court strongly suggest the issue is foreclosed. But if a question is a difficult or close one, wasted effort can be avoided by prompt request by the single judge for the assistance of two additional judges.

The district judge misconceived his role in determining jurisdiction in this case and, in effect, decided the question of the constitutionality of the regulation rather than the question of whether a substantial question is presented. It is sometimes difficult to keep in mind the issue. The question here is not as the single judge saw it one of "whether Wisconsin may prohibit the promotion of chain distributor or 'pyramid' scheme without running afoul of certain provisions of the federal Constitution." Nor is the issue before the single judge or this court whether Ag 122 is constitutional or unconstitutional. It is whether plaintiffs' claim of unconstitutionality is unsubstantial "either because it is obviously without merit or because its unsoundness so clearly results from previous decisions of this court [the Supreme Court] as to foreclose the subject." California Water Service Co. v. City of Redding, *supra*. This is a preliminary determination to be made by a single judge. It does not allow a single judge to go to the merits or to allow his views regarding the ultimate merits to intrude upon his decision. Ex parte Northern Pac. R. Co., *Stratton, Idlewild, supra*. *Poresky* and *Mosher, supra,* say clearly the existence of the substantial question must be determined by the allegations of the complaint.

The Supreme Court recently reviewed concepts of constitutional insubstantiality where they arise in the context of convening a three-judge court under § 2281 in the case of Goosby v. Osser, 409 U.S. 512, 518, 93 S.Ct. 854, 858–859, 35 L.Ed.2d 36 (1973): [3]

Title 28 U.S.C. § 2281 does not require the convening of a three-judge court when the constitutional attack upon the state statutes is insubstantial. "Constitutional insubstantiality" for this purpose has been equated with such concepts as "essentially fictitious," Bailey v. Patterson, 369 U.S. [31], at 33 [82 S.Ct. 549, 551, L.Ed. 2d 512 (1962)]; "wholly insubstantial," ibid; "obviously frivolous," Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288, [30 S.Ct. 326, 327, 54 L.Ed. 482] (1910); and

---

3. These concepts were requoted in the Supreme Court's March 25, 1974 decision in Hagans et al. v. Lavine, Commissioner of

New York State Department of Social Services et al., 42 L.W. 4381, 4384, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577.

"obviously without merit," Ex parte Poresky, 290 U.S. 30, 32, [54 S.Ct. 3, 4–5, 78 L.Ed. 152] (1933). The limiting words "wholly" and "obviously" have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281. A claim is insubstantial only if " 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.' " Ex parte Poresky, *supra,* [290 U.S., ] at 32, 54 S.Ct., at 4; quoting from Hannis Distilling Co. v. Baltimore, *supra,* at 288, [30 S.Ct., at 327]; see also Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105–106 [53 S.Ct. 549, 550, 77 L.Ed. 1062] (1933); McGilvra v. Ross, 215 U.S. 70, 80, [30 S.Ct. 27, 31, 54 L.Ed. 95] (1909).

In *Goosby* the Supreme Court again reminded Courts of Appeals that they are without jurisdiction to adjudicate the merits of constitutional contentions. The *Stratton* rule is still good law. It was reaffirmed in *Idlewild* and referred to in *Goosby.* Thus, we are left here, figuratively, in a statutory strait jacket with little room to maneuver within the confines of the three-judge acts and the cases limiting our power. Our action is void if we review and incorporate equitable considerations in our decision. The single judge went beyond the complaint and became involved in the merits in determining the threshold question. Although he found the claims insubstan-

tial, his exhaustive and scholarly opinion indicates there were not only many issues but some very complex ones raised in the complaint. Much of the argument made by counsel for the parties before this court would be more suitable in a hearing before a three-judge panel.

■■■■■■ We have reviewed the allegations of the complaint and do not believe the constitutional attack therein made is so "obviously without merit" as to be insubstantial. We have looked at the case law in the area and believe there should be applied here the concept of insubstantiality as recently set forth in *Goosby, supra.* There the court said that claims are constitutionally insubstantial "only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for purposes of 28 U.S.C. § 2281". If the single judge had to make such an extensive examination of the facts and claims in this case as he did in order to determine constitutional insubstantiality, we believe the case does not come within the rationale of those cases which hold three judges are not required.

It is not our intent to be overly technical about the single judge's opinion and determination. We recognize and share in, the concern expressed by federal courts, the Administrative Office of the U. S. Courts, and legal scholars over the multiplication of three-judge court proceedings and the burden upon the Supreme Court's docket.[4] The procedure is cumbersome and a drain on judicial manpower. There have been innumerable criticisms of the three-judge court statutes and suggestions for their modification. See Ammerman, Three Judge Courts: See How They Run!, 52 F.R.D. 293; Currie, The Three Judge Court in Constitutional Litigation, 32 U.Chi.L. Rev. 146 (1964); The Three-Judge District Court: Scope and Procedure Under

---

4. Three-judge court hearings under provisions of 28 U.S.C. § 2284 have been increasing steadily from 129 in 1963 to 320 in 1973. Ten of the 320 three-judge court hearings in fiscal year 1973 were in the Seventh Circuit. 1973 Annual Report of the Director, Administrative Office of the United States Courts, II–40, II–41.

Section 2281, 77 Harv.L.Rev. 299; Report of the Study Group on the Case Load of the Supreme Court, prepared for the Federal Judicial Center, 57 F.R. D. 573, 596–599 (1972).

■ However, we cannot hear the facts and determine the equities. We have no power to make a declaration as to the constitutionality or unconstitutionality of the regulation or to grant or withhold injunctive relief. It might be convenient and time-saving for us to proceed to the merits. But we are not the statutory three-judge court to which Congress gave that power. We must remand if we believe the single judge acted in error. If there are to be changes in the three-judge court procedure it is up to Congress to make them. Meanwhile, we are confined to our limited role, a role which has over the years evolved outside the statutory system.

■ If we are within our power to give guidance when we believe a single judge has "erroneously invaded" the province of a three-judge court, we suggest both plaintiffs and defendants here stand to benefit from a hearing before a three-judge court. The jurisdiction of a three-judge court extends to all the questions involved and it can decide such of the questions as in its opinion disposes of this case. If the regulation is found constitutional, it will free defendants from further defense of such cases in the federal courts. Or, if plaintiffs' claims are found substantial, the state may decide on the basis of the federal decision that the regulation should be changed in some respects. From plaintiffs' standpoint a judgment by a three-judge court might delineate the bounds within which it must operate its business practices. Whatever the ultimate outcome, after a hearing and determination by a three-judge court, both parties will have the right of direct appeal to the Supreme Court. 28 U.S.C. § 1253.

The order of the single judge is vacated and the cause remanded with directions to take appropriate steps to convene a three-judge district court.

PELL, Circuit Judge (dissenting).

I agree with the concept implicit in the majority opinion that it is probably the rare case in which a sufficient claim of constitutional invalidity has not been alleged so as to mandate the convening of a three-judge district court. I also agree that by the action of the district court here in dismissing there is inescapably a determination by that court that the regulation was constitutionally valid. I have difficulty, however, in discerning how a single district judge can determine that there is no substantial constitutional question without at least peeking at the other side of the coin on which the clear constitutionality of the regulation is evident.

While the district court's resolution of the substantiality issue may be made no easier by a full scale panoply of claims of unconstitutionality neither do I think that broad-sweeping conclusory allegations, as I view those in the case before us, should serve to obscure an absence of a viable claim.

The district court here gave careful consideration to each constitutional claim and properly, in my opinion, disposed of the case at the courthouse door where it should have been. Holiday Magic, Inc. v. Warren, 357 F.Supp. 20 (E.D.Wis.1973). I would adopt the opinion of the district court as the opinion of this court. Further, it appears to me, although the parties did not address them, that there might be problems presented here by 28 U.S.C. § 2283, the anti-injunction statute, and the decisions of the Supreme Court typified by Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). Cf. Steffel v. Thompson, 42 U.S.L.W. 4357, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). However, because of the adequate disposition of the case by the district court I do not deem it necessary to explore these potential issues, which were not briefed or discussed by the parties, when the existence of these is-

sues, if in fact they are present, would only fortify the correctness of the result reached by the district court.

Accordingly, I respectfully dissent.